NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5110

JAMES BRADLEY SPAAN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  December 6, 2006

_____

Before NEWMAN, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and DYK, <u>Circuit Judge</u>.

PER CURIAM.

James Bradley Spaan appeals from the Order of the United States Court of Federal Claims dismissing his complaint for want of jurisdiction.  <u>Spaan v. United States</u>, No. 06-CV-454 (June 16, 2006).  We <u>affirm</u>.

I

Mr. Spaan's complaint, filed June 8, 2006, is labeled as a Federal Tort Claim.  The complaint alleges a variety of wrongs committed by various federal, state and local officials and governmental entities, as well as by named corporations and religious groups.  Mr. Spaan alleges various crimes committed against him as a part of an international "Conspiracy of Traitors."  He seeks monetary damages, the set aside of his

convictions in state and federal courts, voiding of the dissolution of his marriage and entry of an order annulling the marriage on the grounds of fraud, and other declaratory and injunctive relief.

The Court of Federal Claims determined that the specific wrongs alleged in Mr. Spaan's complaint sound in tort. The jurisdiction of the Court of Federal Claims is defined by statute and expressly excludes cases sounding in tort. 28 U.S.C. § 1491(a)(1) (2000). As the jurisdiction of the court is also expressly limited to claims against the United States, the court determined that it lacked jurisdiction to adjudicate claims against the non-U.S. government defendants. Further, the Court of Federal Claims explained that it lacked jurisdiction to review convictions of other state and federal courts.

Having carefully reviewed Mr. Spaan's lengthy complaint, the court determined that none of Mr. Spaan's allegations raised matter within the court's jurisdiction. Consequently, the complaint was dismissed.

II

Mr. Spaan timely appealed to this court. We have jurisdiction to review the Order dismissing his complaint, see 28 U.S.C. § 1295(a)(3) (2000), and we review de novo the order dismissing the complaint for want of jurisdiction. Shearin v. United States, 992 F.2d 1195 (Fed. Cir. 1993).

We called for the complete record from the Court of Federal Claims and inspected the 180-page complaint. We see no error in the Order dismissing his

complaint. Mr. Spaan's alleged wrongs are torts committed either by the Federal Government or by state, local or private entitles and individuals over whom the Court of Federal Claims lacks jurisdiction. The Order dismissing his complaint is affirmed.