NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DEAN ALLEN COCHRUN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2015-5080

---

Appeal from the United States Court of Federal Claims in No. 15-137C, Senior Judge Francis M. Allegra.

---

Decided: October 13, 2015

---

DEAN ALLEN COCHRUN, Sioux Falls, SD, pro se.

JEFFREY D. KLINGMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN.

---

PER CURIAM.

Dean Allen Cochrun ("Cochrun") appeals from the final decision of the United States Court of Federal Claims (the "Claims Court") dismissing his complaint for lack of subject matter jurisdiction. *See Cochrun v. United States*, No. 15-137C (Fed. Cl. Feb. 13, 2015) ("*Final Order*"). Because the Claims Court did not err in dismissing Cochrun's complaint, we *affirm*.

## BACKGROUND

In 2010, Cochrun pleaded guilty to kidnapping in violation of South Dakota Codified Laws § 22-19-1 in the County Court of Meade County, South Dakota. Cochrun is currently incarcerated at the South Dakota State Penitentiary in Sioux Falls, South Dakota. On February 11, 2015, Cochrun filed a complaint in the Claims Court seeking $50,000 per year in damages from the United States for "unjust conviction and subsequent false incarceration." Gov't app. at 3. His complaint alleges that he is innocent and that his continued confinement is therefore unlawful.

The Claims Court dismissed Cochrun's complaint on February 13, 2015, concluding *sua sponte* that it did not have subject matter jurisdiction to adjudicate Cochrun's allegations because it cannot review decisions rendered by state courts.

Cochrun timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court's decision to dismiss the complaint for lack of subject matter jurisdiction *de novo*. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Brandt v. United States*, 710 F.3d 1369, 1373

(Fed. Cir. 2013). A litigant's *pro se* status does not relieve him of these jurisdictional requirements. *Kelley v. Sec'y, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Cochrun is attempting to bring this suit under 28 U.S.C. § 1495, which allows the Claims Court to adjudicate claims "for damages by any person unjustly convicted of an offense *against the United States* and imprisoned." (emphasis added). That the offense must have been "against the United States" means that a plaintiff must have been convicted of violating federal law, rather than state law. *Williams v. United States*, No. 14-535C, 2015 WL 452347, at *3 (Fed. Cl. Jan. 26, 2015). Because Cochrun was convicted of violating the laws of South Dakota, and was not convicted of violating federal law, he cannot sue under § 1495. To the extent that Cochrun is alleging that he is factually innocent of the charge to which he pleaded guilty, the Claims Court does not have the jurisdiction to review state court convictions. *Spaan v. United States*, 208 F. App'x 898, 899 (Fed. Cir. 2006).[1]

Moreover, to state a claim under § 1495 a plaintiff must provide proof that "[h]is conviction has been reversed or set aside." *Freeman v. United States*, 568 F. App'x 892, 894 (Fed. Cir. 2014) (citing 28 U.S.C. § 2513). That proof may only be in the form of "a certifi-

---

[1] In his informal opening brief, Cochrun argues that he was kidnapped in violation of 18 U.S.C. § 1201 and that therefore the Claims Court had jurisdiction. Because he did not present that claim in his complaint, it is deemed waived. Even if properly presented, that allegation is insufficient to confer jurisdiction because the Claims Court cannot consider alleged violations of the criminal code. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

cate of innocence from the court that ordered such a reversal or a presidential pardon." *Id.* Cochrun's complaint does not contain such evidence and, therefore, the Claims Court did not err in dismissing his complaint.

In his informal opening brief, Cochrun also alleges various violations of his constitutional rights and that he has a contract with the United States for $10,000,000. Because he did not raise those allegations in his complaint, they are not properly before us and are deemed waived. *Casa de Cambio Comdiv S.A., de C.V. v. United States*, 291 F.3d 1356, 1366 (Fed. Cir. 2002).

CONCLUSION

We have considered Cochrun's remaining arguments, but find them unpersuasive. For the foregoing reasons, the decision of the Claims Court is affirmed.

**AFFIRMED**

COSTS

No costs.