NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERIC EMANUEL TAYLOR,**
*Plaintiff-Appellant*

v.

**UNITED STATES,**
*Defendant-Appellee*

---

2016-2432

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00837-MCW, Judge Mary Ellen Coster Williams.

---

Decided: November 9, 2016

---

ERIC EMANUEL TAYLOR, Portsmouth, VA, pro se.

DAVID MICHAEL KERR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before NEWMAN, BRYSON, and MOORE, *Circuit Judges.*

PER CURIAM.

Eric Emanuel Taylor appeals a final decision of the Court of Federal Claims dismissing his complaint seeking damages from the United States based on alleged violations of the Fifth Amendment double jeopardy clause and section 4 of the Fourteenth Amendment, as well as unjust conviction and imprisonment. We affirm.

I

In 2006, a grand jury in the Circuit Court of Portsmouth, Virginia, returned an indictment charging Mr. Taylor with malicious wounding, a class three felony under Va. Code § 18.2-51. Later that year, the circuit court found him guilty of unlawful wounding, a class six felony under the same provision. The court sentenced him to five years' incarceration.

Ten years later, Mr. Taylor filed an action in the Court of Federal Claims asserting claims arising from his conviction. He alleged (1) a violation of the Fifth Amendment's double jeopardy clause because he was convicted of a lesser offense based on the indictment and evidence supporting the greater offense, (2) an entitlement to a pension based on section 4 of the Fourteenth Amendment for the "right[] to insurrection and rebel against any United States citizen's entitlement of double jeopardy clause protection," and (3) a claim for damages under 42 U.S.C. § 1983 based on a violation of the Fifth Amendment's double jeopardy clause. Also included in his pleading were mentions of unjust conviction and imprisonment and pain and suffering. Mr. Taylor sought damages in the amount of a "zillion dollars."

In a final decision issued on August 1, 2016, the trial court dismissed Mr. Taylor's complaint. Based on the limited authority granted to the court under the Tucker Act, 28 U.S.C. § 1491, the court concluded that it had no jurisdiction over Mr. Taylor's constitutional claims be-

cause neither the double jeopardy clause nor section 4 of the Fourteenth Amendment is a "money-mandating" provision, citing *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983) ("[T]he claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.") (internal quotation marks omitted). The court also determined that claims of pain and suffering "sound[] in tort" and therefore are excluded from the scope of the Tucker Act. 28 U.S.C. § 1491(a)(1). The court next decided that it had no jurisdiction over any claim arising under 42 U.S.C. § 1983. As for a possible claim of unjust conviction and imprisonment under 28 U.S.C. § 1495, the court determined that Mr. Taylor had not put forth the allegations and proof required by statute, 28 U.S.C. § 2513. Finally, to the extent Mr. Taylor challenged the validity of his state court conviction, the court ruled that its jurisdiction did not extend to review of criminal convictions.

On appeal, Mr. Tucker raises only the two constitutional claims and the claim of unjust conviction and imprisonment.[1]

---

[1] In a supplemental memorandum filed in this court after the completion of briefing, Mr. Taylor challenged the dismissal of his section 1983 claim, which he did not raise in his opening or reply brief on appeal. Apart from Mr. Taylor's waiver of that issue by failing to raise it earlier, the trial court was clearly correct in holding that it lacked jurisdiction to hear the section 1983 claim. Congress has authorized federal district courts to hear such claims, 28 U.S.C. § 1343(a), but has granted no such authority to the Court of Federal Claims.

## II

The Court of Federal Claims has jurisdiction under the Tucker Act to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages not sounding in tort." 28 U.S.C. § 1491(a)(1). "[I]n order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

The trial court properly concluded that its jurisdiction does not extend to Mr. Taylor's constitutional claims. Neither the double jeopardy clause of the Fifth Amendment nor section 4 of the Fourteenth Amendment mandates the payment of money by the government; therefore, neither claim falls within the waiver of the Tucker Act. *Jones v. Caldera*, 159 F.3d 573, 581 (Fed. Cir. 1998) (double jeopardy clause is not money-mandating); *Harris v. United States*, No. 2006-5137, 2007 WL 706856, at *1 (Fed. Cir. 1995) (section 4 of the Fourteenth Amendment is not money-mandating).

The court also committed no error in dismissing Mr. Taylor's claim of unjust conviction and imprisonment pursuant to 28 U.S.C. § 1495, which gives the Court of Federal Claims jurisdiction over a claim "for damages by any person unjustly convicted of an offense against the United States and imprisoned." To begin with, Mr. Taylor was convicted of an offense against the Commonwealth of Virginia, not the United States. Moreover, under 28 U.S.C. § 2513(a), any person suing under section 1495 must allege and prove, among other things, that his conviction was set aside because he was found not guilty or pardoned based on innocence, and that he did not

commit the charged acts or that the acts did not constitute a criminal offense. In addition, proof of those allegations must be by "a certificate of the court or pardon wherein such facts [of innocence] are alleged to appear, and other evidence thereof shall not be received." 28 U.S.C. § 2513(b). Mr. Taylor did not set forth any of the necessary allegations, and he did not provide the required proof in the form of a court certificate or pardon.

Finally, the trial court accurately stated that any other form of attack on his conviction would not fall within the jurisdiction of the Court of Federal Claims. *See* 28 U.S.C. § 1491; *see also Cochrun v. United States*, 621 F. App'x 655, 656 (Fed. Cir. 2015) ("[T]he [Court of Federal Claims] does not have the jurisdiction to review state court convictions."); *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) ("[T]he [Court of Federal Claims] correctly stated that it has no jurisdiction over criminal matters generally.").

We have considered Mr. Taylor's remaining arguments but find them unpersuasive.[2]

### AFFIRMED

No costs.

---

[2] Among these, Mr. Taylor argues repeatedly in his briefing on appeal that the trial court erred in captioning this case *Taylor v. United States*. According to Mr. Taylor, the caption should read *Taylor with but not versus United States*, which is the caption he used in his initial pleading below. Because Mr. Taylor is seeking a judgment against the United States that would be paid by the United States, the caption used by the Court of Federal Claims and this court is correct. In any event, the correctness of the caption has no effect on the merits or the outcome of Mr. Taylor's appeal.