NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERIC EMANUEL TAYLOR,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2018-2404

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-00367-SGB, Senior Judge Susan G. Braden.

---

Decided:  January 10, 2019

---

ERIC EMANUEL TAYLOR, Portsmouth, VA, pro se.

DAVID MICHAEL KERR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by JOSEPH H. HUNT, DEBORAH ANN BYNUM, ROBERT EDWARD KIRSCHMAN, JR.

---

Before MOORE, REYNA, and WALLACH, *Circuit Judges.*

PER CURIAM.

Eric Emanuel Taylor appeals the decision of the U.S. Court of Federal Claims dismissing his complaint for lack of jurisdiction. Because Mr. Taylor has not identified a valid basis of jurisdiction, we *affirm*.

## BACKGROUND

In 2006, Mr. Taylor was found guilty of unlawful wounding and sentenced to five years' incarceration by the Circuit Court of Portsmouth, Virginia. *See Taylor v. United States*, 666 F. App'x 896, 897 (Fed. Cir. 2016). In 2016, he filed a complaint in the Court of Federal Claims asserting various constitutional and statutory claims arising from his conviction. *Id.* The Court of Federal Claims dismissed for lack of jurisdiction, and we affirmed. *Id.* at 899. The Supreme Court denied Mr. Taylor's motion for leave to proceed in forma pauperis, dismissed his petition for writ of certiorari, and restricted his ability to file further petitions. *Taylor v. United States*, 137 S. Ct. 1347 (2017).

In March 2018, Mr. Taylor filed a complaint alleging that the prior federal decisions violated his Sixth Amendment rights, breached contracts arising from various oaths of office, and caused damage to his reputation and pain and suffering. The Court of Federal Claims dismissed the complaint for lack of subject matter jurisdiction.

Mr. Taylor appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

The Tucker Act confers jurisdiction to the Court of Federal Claims over specified categories of actions brought against the United States. 28 U.S.C. § 1491(a)(1). To demonstrate jurisdiction under this statute, "a plaintiff must identify a separate source of

substantive law that creates the right to money damages," i.e., is money mandating. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). We review dismissal by the Court of Federal Claims for lack of jurisdiction de novo. *Samish Indian Nation v. United States*, 419 F.3d 1355, 1364 (Fed. Cir. 2005).

On appeal, Mr. Taylor cites a variety of provisions, none of which provide jurisdiction. The Sixth Amendment is not money mandating. *See Maxberry v. United States*, 722 F. App'x 997, 1000 (Fed. Cir. 2018). Section 1491 does not itself create a right to money damages. *Fisher*, 402 F.3d at 1172. Section 1343 of title 28 does not create jurisdiction for the Court of Federal Claims, as it established jurisdiction for the "district courts." 28 U.S.C. § 1343. Title 28 defines the term "district court" as the courts constituted by chapter 5 of title 28. 28 U.S.C. § 451. The Court of Federal Claims is constituted by chapter 7 of title 28, not chapter 5. Because these provisions are not money mandating or do not apply to the Court of Federal Claims, the court properly dismissed the action.

Finally, Mr. Taylor argues that Rule 10 of the Rules of the U.S. Court of Federal Claims is unconstitutional and that the Court of Federal Claims should have allowed him to include the United States as a plaintiff in this suit. This argument is meritless, but even if it were not, we do not see how it would establish jurisdiction in this case.

## CONCLUSION

We have considered Mr. Taylor's other arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the Court of Federal Claims' dismissal for lack of jurisdiction.

## AFFIRMED

COSTS

No costs.