NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5064

HUMPHREY A. TAYLOR,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Lorenzo W. Tijerina, Law Office of Lorenzo W. Tijerina, of San Antonio, Texas, for plaintiff-appellant.

Robert C. Bigler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Marian Blank Horn

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5064

HUMPHREY A. TAYLOR,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 07-CV-230, Judge Marian Blank Horn.

_____

DECIDED: February 11, 2009

_____

Before MAYER, SCHALL, and GAJARSA, Circuit Judges.

PER CURIAM.

Humphrey A. Taylor appeals the final decision of the United States Court of Federal Claims, which dismissed his claim for lack of jurisdiction. Taylor v. United States, 80 Fed. Cl. 376, 382 (2008) ("Taylor I"). Because we agree that the Court of Federal Claims lacks jurisdiction over Mr. Taylor's claim, we affirm the judgment.

BACKGROUND

Mr. Taylor filed a complaint with the Equal Employment Opportunity Commission ("EEOC" or "Commission") alleging that his employer, the Department of Homeland Security ("DHS"), had discriminated against him when it failed to select him for a GS-12 Supervisory Border Patrol Agent position. The EEOC Administrative Judge determined that the DHS did discriminate against Mr. Taylor and awarded him $35,000 in damages plus back pay with interest. The Administrative Judge also ordered the DHS to immediately promote Mr. Taylor to the position of Supervisory Border Patrol Agent at the Federal Law Enforcement Training Center.[1]

The DHS appealed the Administrative Judge's decision to the EEOC's Office of Federal Operations ("OFO"), and in May 2006, the OFO affirmed the Administrative Judge's decision and award. In its order, the OFO notified Mr. Taylor that if the agency failed to comply with the award order, Mr. Taylor may petition the EEOC for enforcement or may file a civil action—either to enforce compliance with the award or, alternatively, based on the underlying complaint. The order also informed Mr. Taylor that if he wished to file a civil action, he should do so "in an appropriate United States District Court." Taylor I, 80 Fed. Cl. at 378.

In November 2006, Mr. Taylor sent a letter to the EEOC and the DHS demanding that they comply with the Administrative Judge's order. In February 2007, the DHS paid Mr. Taylor $35,000 in damages, but Mr. Taylor states that he never received any back pay with interest and that he was not promoted to the position of Supervisory Border Patrol Agent. Thus, Mr. Taylor filed the present action in the Court of Federal Claims in

---

[1] This is now a GS-13 position.

July 2007. The Court of Federal Claims dismissed Mr. Taylor's claim for lack of subject matter jurisdiction, explaining that it has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, only if the plaintiff identifies a valid money-mandating statute. The court determined that Mr. Taylor did not identify a valid money-mandating statute that would give it jurisdiction and thus dismissed his claim. Id. at 379. Mr. Taylor then appealed to this court.

DISCUSSION

Mr. Taylor contends the Court of Federal Claims erred in dismissing his claim because it had subject matter jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491. However, for the following reasons, the Court of Federal Claims correctly concluded that it lacked jurisdiction over this case and properly dismissed Mr. Taylor's claim.

The Tucker Act gives the Court of Federal Claims jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, while the Tucker Act waives the sovereign immunity of the United States, it does not create a substantive right to recover damages from the United States. As the Supreme Court has explained:

> The Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. The Court of Claims has recognized that the Act merely confers jurisdiction upon it whenever the substantive right exists. We therefore must determine whether the two other federal statutes that are invoked by the respondents confer a substantive right to recover money damages from the United States.

United States v. Testan, 424 U.S. 392, 398 (1976) (internal citation omitted). Testan instructs us regarding how to analyze the present case. As in Testan, Mr. Taylor seeks

2008-5064                    3

neither to enforce a contract against the United States nor to recover money he has paid to the Government, and thus, "the asserted entitlement to money damages depends upon whether any federal statute can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." See id. at 400 (internal quotation marks omitted).

Because the Tucker Act alone does not confer jurisdiction over Mr. Taylor's claim, we must determine whether Mr. Tucker has cited another statute that mandates compensation by the United States (i.e. a money-mandating statute). See id.; see also Worthington v. United States, 168 F.3d 24, 26 (Fed. Cir. 1999) ("To fall within the Tucker Act's jurisdictional grant, a claim must invoke a statute that mandates the payment of money damages."). "If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss the cause for lack of jurisdiction, a Rule 12(b)(1) dismissal—the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act." Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005).

Mr. Taylor contends that 5 C.F.R. § 550.805 and 29 C.F.R. §§ 1614.501–.505 confer the required substantive right of recovery. We disagree. 5 C.F.R. § 550.805 is not a money-mandating statute; it merely provides instructions for calculating back pay.[2] The other regulations cited by Mr. Taylor, 29 C.F.R. §§ 1614.501–.505, more closely resemble money-mandating provisions, but as detailed below, they ultimately fail to give the Court of Federal Claims jurisdiction over Mr. Taylor's claim.

---

[2] 5 C.F.R. § 550.805 is an implementing regulation of the Back Pay Act. The Back Pay Act itself, 5 U.S.C. § 5596, also fails to confer jurisdiction upon the Court of Federal Claims. Spagnola v. Stockman, 732 F.2d 908, 912 (Fed. Cir. 1984).

29 C.F.R. § 1614.501 states, "[w]hen an agency, or the Commission, in an individual case of discrimination, finds that an applicant or an employee has been discriminated against, the agency shall provide full relief." Although 29 C.F.R. § 1614.501 does appear to mandate compensation when the EEOC finds discrimination, it does not explicitly confer jurisdiction to enforce EEOC decisions upon the Court of Federal Claims or any other court. Instead, the regulation cited by Mr. Taylor that discusses judicial enforcement of EEOC decisions simply indicates that jurisdiction is conferred by the underlying statute that provided the right to relief. See 29 C.F.R. § 1614.503(g). In this case, that underlying statute is Title VII.[3]

The Court of Federal Claims has repeatedly held it has no jurisdiction over Title VII claims. See, e.g., Osborn v. United States, 47 Fed. Cl. 224, 232 (2000); Lee v. United States, 33 Fed. Cl. 374, 378 (1995). Instead, district courts have original jurisdiction over a claim "to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights," 28 U.S.C. § 1343(a)(4), and Title VII itself specifically states that district courts have jurisdiction over claims brought under that title, 42 U.S.C. § 2000e-5(f)(3). Moreover, the district courts' jurisdiction is exclusive—Title VII "create[s] an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." Brown v. Gen. Servs. Admin., 425 U.S. 820, 829 (1976). Because Title VII vests jurisdiction over discrimination claims exclusively in the district court, the Court of Federal Claims cannot exercise jurisdiction over those claims. The EEOC correctly notified Mr. Taylor that

---

[3] The EEOC's decision stemmed from Mr. Taylor's complaint of racial and religious discrimination brought pursuant to Title VII, which prohibits employment discrimination based upon race, religion, sex, or national origin. See 42 U.S.C. §§ 2000e to 2000e-17.

should he wish to bring a civil action, he should do so in an appropriate district court, Taylor I, 80 Fed. Cl. at 378, but Mr. Taylor nonetheless filed his claim in the Court of Federal Claims.

For the foregoing reasons, Mr. Taylor has not cited a money-mandating statute that gives the Court of Federal Claims jurisdiction over his claim under the Tucker Act. Because the Court of Federal Claims properly dismissed Mr. Taylor's claim for lack of subject mater jurisdiction, we affirm.

No costs.