NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BARON MONTERO JONES,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2011-5025

---

Appeal from the United States Court of Federal Claims in case no. 10-CV-215, Judge Susan G. Braden.

---

Decided: September 9, 2011

---

BARON MONTERO JONES, Minneapolis, Minnesota, pro se.

ARMANDO A. RODRIGUEZ-FEO, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DONALD E. KINNER, Assistant Director.

---

Before NEWMAN, O'MALLEY, and REYNA, *Circuit Judges.*

PER CURIAM.

Baron Montero Jones ("Jones") appeals the decision of the United States Court of Federal Claims ("CFC") dismissing his complaint for lack of subject matter jurisdiction. We have jurisdiction to review this final decision of the CFC pursuant to 28 U.S.C. § 1295(a)(3). Because we agree that the CFC did not have jurisdiction over Jones' claims, we affirm.

## I. BACKGROUND

Jones was convicted in 2004 by a Minnesota jury for three counts of criminal sexual conduct and one count of first degree burglary, and was sentenced to 72 months in prison. Jones unsuccessfully appealed his conviction numerous times in state and federal courts. The central error alleged by Jones was that the Minnesota state court trial judge improperly admitted electronic evidence against him, namely, an audio recording of Jones made while he was being detained by a private security guard.

Proceeding *pro se*, Jones filed a complaint at the CFC challenging the decisions of the state and federal courts. Jones' complaint alleged, among other challenges to his conviction, that the audio recording evidence was admitted in violation of the Fourth and Fifth Amendments to the United States Constitution, and in violation of 18 U.S.C. § 2515, which prohibits intercepted wire or oral communications from being used as evidence.

Jones' complaint alleged that the CFC had jurisdiction over these matters pursuant to the Tucker Act, 28 U.S.C. § 1491. Jones also alleged that the CFC had jurisdiction via the Takings Clause of the Fifth Amendment, since his incarceration deprived him of his liberty and personal property without just compensation. The

CFC rejected these arguments, concluding that the Tucker Act does not provide the CFC with jurisdiction over the criminal matters raised by Jones, nor does the CFC have the authority to review the decisions of state or federal district courts. Further, the anti-wiretapping statute of 18 U.S.C. § 2515 was not deemed a money-mandating statute which could support a claim against the United States under the Tucker Act. Lastly, the CFC rejected Jones' position with respect to the Takings Clause, explaining that being deprived of one's personal liberty and property due to incarceration is not an unconstitutional taking. Accordingly, the CFC granted the government's motion for summary dismissal, finding that it lacked jurisdiction. This appeal followed.

## II. DISCUSSION

The CFC is a court of limited subject matter jurisdiction. *See Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007). The Tucker Act provides that the CFC has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Because the Tucker Act is a jurisdictional statute that does not create any substantive rights, litigants must "identify a substantive right for money damages against the United States separate from the Tucker Act itself." *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004).

Having been unsuccessful with his appeals in Minnesota state and federal court, Jones now attempts to shoehorn essentially the same challenges to his conviction into a claim before the CFC. As a threshold matter, the CFC correctly stated that it has no jurisdiction over criminal

matters generally. *See* 28 U.S.C. § 1491. To the extent that Jones asked the CFC to review any of the judgments of the Minnesota state and federal courts with respect to his criminal case, the CFC does not have the authority to review such decisions. *See id.*; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (noting that, under the *Rooker-Feldman* doctrine, federal district courts cannot hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts.").

Jones' argument that his incarceration constitutes a taking of his person and property without just compensation likewise has no merit. Although the takings clause of the Fifth Amendment is a money-mandating source under the Tucker Act, *Jan's Helicopter Serv. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008), the Fifth Amendment prohibits only "private property be[ing] taken for public use, without just compensation." U.S. CONST. amend. V. Seizure of convicted prisoners and their personal property are not the kinds of takings that are prohibited by the Fifth Amendment. *See Castro v. United States*, 364 Fed. Appx. 619, 620 (Fed. Cir. 2010) (rejecting alleged unjust imprisonment as a possible violation of the Fifth Amendment takings clause); *Paalan v. United States*, 120 Fed. Appx. 817, 822-823 (Fed. Cir. 2005) ("[N]either the seizure of items of evidentiary value nor the retention of personal property that Mr. Paalan was not allowed to retain during his incarceration constituted takings for which the government was required to pay just compensation.").

The closest Jones comes to stating a claim that might be properly before the CFC is that which relates to the federal anti-wiretapping laws. *See* Jones' Informal Br. at 1 (citing 18 U.S.C. §§ 2525, 2520). 18 U.S.C. § 2515 provides that "[w]henever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding . . . ." A violation of this statute permits the victim of such wiretapping to recover civil damages "from the person or entity, *other than the United States*, which engaged in that violation . . . ." 18 U.S.C. § 2520 (emphasis added). While these anti-wiretapping statutes may provide a cause of action for damages against the violator, the statutes expressly exclude the United States from any damages liability. Thus, there can be no jurisdiction under the Tucker Act, which applies only to "claim[s] against the United States," for Jones' claim under the federal anti-wiretapping statutes. 28 U.S.C. § 1491. Even if Jones had a tenable claim under the anti-wiretapping statutes against one or more individual federal officers, that would still not give rise to jurisdiction under the Tucker Act, which is strictly limited to suits against "the United States." *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").

For these reasons, the judgment of the Court of Federal Claims is

**AFFIRMED**

COSTS

No costs.