NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SERAJUL HAQUE,**

*Plaintiff-Appellant*

**v.**

**UNKNOWN PARTY, NAMED AS 'SECRETARY OF GOVERNMENTS,' BANGLADESH, GOVERNMENT OF, UNITED STATES, NAMED AS UNITED STATES GOVERMENT, STATE OF CALIFORNIA, NAMED AS CALIFORNIA GOVERMENT, SANTA CLARA COUNTY BOARD OF GOVERNMENT, FRY'S ELECTRONICS, INC., MMC TECHNOLOGY, ERNST & YOUNG, LLP, KPMG LLP, STATE OF ARIZONA, SANTA CLARA COUNTY BOARD OF GOVERNMENT, SANTA CLARA SUPERIOR COURT, SANTA CLARA COUNTY DISTRICT ATTORNEY, MILPITAS POLICE DEPARTMENT, SAN JOSE POLICE DEPARTMENT, SOCIAL SECURITY ADMINISTRATION, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT, DEPARTMENT OF HOMELAND SECURITY, DEPARTMENT OF HOMELAND SECURITY, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, CALIFORNIA BOARD OF ACCOUNTANCY, SANTA CLARA OFFICE OF EDUCATION, SANTA CLARA PUBLIC DEFENDER,**

**THOMAS ORVIS, ATTORNEY MOUNTAIN VIEW-CA (COURT APPOINTED), DEPARTMENT OF JUSTICE, UNITED STATES ATTORNEY, SAN FRANCISCO-CALIFORNIA, ZAHIR ZEHIDI, ATTORNEY APPEARED IN USDOJ –EOIR IMMIGRATION COURT,**
*Defendants-Appellees*

————————————

2015-1959, 2015-5142

————————————

Appeals from the United States District Court for the District of Arizona in No. 2:11-cv-02130-PHX-MHB, Magistrate Judge Michelle H. Burns, and the United States Court of Federal Claims in No. 1:15-cv-00565-MCW, Judge Mary Ellen Coster Williams.

————————————

Decided:  January 8, 2016

————————————

SERAJUL HAQUE, Milpitas, CA, pro se.

TANYA B. KOENIG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for appellee United States.  Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN.

————————————

Before LOURIE, DYK, and WALLACH, *Circuit Judges.*

PER CURIAM.

Appellant Serajul Haque appeals two actions to this court.  One involves an order from the United States District Court for the District of Arizona ("District Court") and the other concerns a final judgment from the United

States Court of Federal Claims ("Claims Court"). As explained below, the court does not have subject matter jurisdiction over the appeal from the District Court and affirms the Claims Court's decision to dismiss the other action.

In Appeal No. 2015-1959, Mr. Haque challenges the District Court's order denying his motion to transfer fifty-three closed cases in various courts, including the District Court, to the Claims Court. *See generally* Appellant's Informal Br.[1] The District Court denied the motion because the proceeding in which he filed the motion— *Haque v. United States*, No. CV 11-2130-PHX-MHB (D. Ariz. Aug. 21, 2015)—"ha[d] been dismissed in its entirety." Government's App. 6. The Government contends that this court does not have subject matter jurisdiction over Mr. Haque's claims. Government's Br. 8.

When, as here, a party challenges this court's subject matter jurisdiction "based on the sufficiency of the pleading's allegations—that is, . . . a 'facial' attack on the pleadings—then those allegations are taken as true and construed in a light most favorable to the complainant." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993) (citations omitted). In the Amended Complaint that Mr. Haque filed in the District Court, he alleges statutory employment discrimination, violations of Title VII of the Civil Rights Act of 1964, and related causes of action. Government's App. 26–37.

This court is a court of limited jurisdiction, which does not include appeals of district court orders involving the kind of allegations proffered in Mr. Haque's Amended

---

[1] Mr. Haque filed identical briefs in Appeal No. 2015-1959 and Appeal No. 2015-5142, as did the Government. Consequently, we need not identify whether a particular filing pertains to one or both appeals.

Complaint. *See, e.g.*, 28 U.S.C. § 1295 (2012) (providing this court's subject matter jurisdiction, which does not include the claims for statutory employment discrimination, violations of Title VII of the Civil Rights Act of 1964, or related causes of action that Mr. Haque alleges). As a result, we do not have subject matter jurisdiction over the claims alleged in Appeal No. 2015-1959 and, thus, may not review whether the District Court erred in denying Mr. Haque's motion to transfer.

In Appeal No. 2015-5142, Mr. Haque appeals the final judgment of the Claims Court dismissing his Complaint because he "fail[ed] to articulate a claim that is within th[at] [c]ourt's jurisdiction." Government's App. 43. Mr. Haque's Complaint states that he filed his action "pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination," *id.* at 139, that he seeks relief for failure to employ, termination of employment, failure to promote, and discrimination based on race or color, religion, sex, national origin, and age, *id.* at 139–41, and that the alleged discriminatory acts occurred between 1994 and 2015, *id.* at 141. The Claims Court dismissed Mr. Haque's action because it lacks jurisdiction to entertain "claims alleging civil rights violations." *Id.* at 43 (citation omitted). Even construing the claims in the light most favorable to Mr. Haque, *see Cedars-Sinai*, 11 F.3d at 1583, we agree with the Claims Court that it lacked jurisdiction over the action, *see* 28 U.S.C. § 1295; *Taylor v. United States*, 310 F. App'x 390, 393 (Fed. Cir. 2009) (unpublished) ("Because Title VII vests jurisdiction over discrimination claims exclusively in the district court, the [Claims Court and, thus, this court] cannot exercise jurisdiction over those claims."). Accordingly, we affirm the Claims Court's decision to dismiss Mr. Haque's action that resulted in Appeal No. 2015-5142.

**DISMISSED-IN-PART AND AFFIRMED-IN-PART**