NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SYTERIA HEPHZIBAH-EL,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2016-2718

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00402-VJW, Judge Victor J. Wolski.

---

Decided: February 13, 2017

---

SYTERIA HEPHZIBAH-EL, Jacksonville, FL, pro se.

JOSEPH ASHMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

---

Before PROST, *Chief Judge,* DYK, and STOLL, *Circuit Judges.*

PER CURIAM.

Syteria Hephzibah-El appeals the judgment of the United States Court of Federal Claims dismissing her complaint for lack of subject matter jurisdiction. We *affirm*.

BACKGROUND

On February 6, 2015, Hephzibah-El was arrested for attempting to obtain a passport by fraud, in violation of 18 U.S.C. § 1542, and was indicted in the United States District Court for the Middle District of Florida ("district court"). Subsequently, on March 15, 2016, Hephzibah-El filed a civil suit in district court, alleging that in connection with her 2015 arrest, her constitutional rights were violated, and seeking money damages and an order enjoining her criminal trial. *Hephzibah v. De Leon*, M.D. Fla. No. 3:16-cv-00248-TJC-MCR, ECF No. 1-2. The district court dismissed Hephzibah-El's civil suit for lack of subject matter jurisdiction. Meanwhile, in her criminal trial, a jury found Hephzibah-El guilty on April 27, 2016.

On March 24, 2016, after the district court had dismissed her civil suit and before her criminal trial had concluded, Hephzibah-El filed a complaint with the Court of Federal Claims, requesting that the court review the district court's dismissal of her civil suit and again seeking monetary damages for alleged violations of her constitutional rights. In an additional filing on March 30, 2016, Hephzibah-El requested that the Court of Federal Claims enjoin her criminal trial.

The Court of Federal Claims dismissed Hephzibah-El's complaint. First, the court noted that it "does not have jurisdiction to review the decisions of district courts," J.A. 8, or to enjoin a district court criminal proceeding. With respect to the monetary damages claims, the court concluded that Hephzibah-El failed to specify

any money-mandating sources of law as the basis for her claims.

Hephzibah-El appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review *de novo* a decision by the Court of Federal Claims to dismiss for lack of jurisdiction. *Radioshack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009).

We agree that "the Court of Federal Claims does not have jurisdiction to review the decisions of district courts," *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994), that the Court of Federal Claims lacks "jurisdiction over criminal matters generally," *Jones v. United States*, 440 Fed. App'x. 916, *2 (Fed. Cir. 2011) (per curiam), and that the requested "injunctive relief [is] . . . outside the jurisdiction of the Court of Federal Claims." *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997).

With respect to Hephzibah-El's monetary damages claims, the appellant does not specify any source of law that would provide a basis for her claims. "[I]n order to come within the jurisdictional reach [of the Court of Federal Claims] . . . , a plaintiff must identify a separate source of substantive law that creates the right to money damages . . . [and] that source must be money-mandating." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (internal citations and quotation marks omitted). Here, Hephzibah-El cited the Tucker Act and "the Constitution, or any Act of Congress or any regulation of an executive department" as the basis of her monetary claims. Appellant Br. 4–5. These are insufficiently specific to confer Court of Federal Claims jurisdiction.

We have considered the appellant's remaining arguments and find them to be without merit.  The Court of Federal Claims is

**AFFIRMED**.

COSTS

No costs.