# In the United States Court of Federal Claims

No. 19-938

(Filed: 17 April 2020)

NOT FOR PUBLICATION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| TATIANA HUNT, | \* | |
| | \* | |
| Plaintiff, | \* | *Pro se*; RCFC 12(b)(1); RCFC 12(b)(6); |
| | \* | Subject-Matter Jurisdiction. |
| v. | \* | |
| | \* | |
| THE UNITED STATES, | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

*Tatiana Hunt*, *pro se*, of Portland, OR.

*Isaac B. Rosenberg*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, with whom were *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Reginald T. Blades, Jr.*, Assistant Director, all of Washington, D.C., for defendant.

## I.    Introduction

*Pro se* plaintiff Tatiana Hunt filed a complaint appealing a misdemeanor criminal conviction in the Circuit Court of the State of Oregon ("Oregon Case").[1] *See generally* Compl. at 1; *see also* Compl., Ex. 1 at 80–82. The government moved to dismiss this matter pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), ECF No. 8 ("Def.'s Mot.").

For the following reasons, the government's motion is **GRANTED**, and Ms. Hunt's complaint is **DISMISSED**.

---

[1] Ms. Hunt filed a Notice of Appeal but handwrote "complaint" on the document. Compl. at 1.

## II. Factual and Procedural History

On 27 June 2019, Ms. Hunt filed her initial complaint seeking to appeal a misdemeanor criminal conviction in her Oregon Case. *See* Compl. at 1. On 19 August 2019, the government filed a motion to dismiss pursuant to rules 12(b)(1) and 12(b)(6) of the RCFC. *See* Def.'s Mot. at 1. On 2 December 2019, this Court issued an Order directing Ms. Hunt to file a response to the government's motion to dismiss by 18 December 2019. Order, ECF No. 9. On 10 February 2020, this case was reassigned to the undersigned Judge. Order, ECF No. 10. On 19 February 2020, the Court issued an Order directing Ms. Hunt to file her response on or before 18 March 2020. Order, ECF No. 12. On 13 March 2020, Ms. Hunt filed her response to the government's motion to dismiss. *See* Pl.'s Resp., ECF No. 13. On 23 March 2020, the government filed a reply to Ms. Hunt's response to its motion to dismiss. *See* Reply in Support of Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. 15 ("Def.'s Reply"). These matters having been fully briefed, the Court now addresses the pending motion.

## III. Discussion

### A. *Pro Se* Litigants

*Pro se* parties are granted greater leeway than litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). Despite such leeway, this Court has long recognized "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). The *pro se* plaintiff—like any other plaintiff—must establish the Court's jurisdiction to consider a claim. *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

### B. The Government's Motion to Dismiss

The government moves to dismiss plaintiff's complaint pursuant to RCFC 12(b)(1) and RCFC 12(b)(6). *See* Def.'s Mot. at 1.

#### 1. RCFC 12(b)(1) – Lack of Subject-Matter Jurisdiction

In considering a motion to dismiss for lack of subject-matter jurisdiction, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) ("In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff."). Plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army and Air Force Exchange Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). "If the court finds that it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

The ability of the Court of Federal Claims to entertain suits against the United States is limited, and the waiver of immunity "may not be inferred, but must be 'unequivocally expressed.'" *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). The Tucker Act grants this Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). "The Tucker Act . . . is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon it whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

### 2. RCFC 12(b)(6) – Failure to State a Claim

A claim that survives a jurisdictional challenge remains subject to dismissal under RCFC 12(b)(6). *See Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002) ("A motion to dismiss . . . for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not entitle [the claimant] to a legal remedy."). To survive a motion to dismiss for failure to state a claim, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Such a claim must be sufficient to provide the defendant "fair notice" of the claim and the "grounds upon which it rests." *Id.* at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Twombly*, 550 U.S. 544). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## IV. Analysis

### A. Jurisdiction Over Ms. Hunt's Criminal Conviction Claims

First, Ms. Hunt alleges she was convicted of a misdemeanor criminal offense for "'Violating the Protective stalking Order' ORS [Oregon state law] 163.750." *See* Compl. at 1. Ms. Hunt asks the "United States Court for Federal Claims . . . to vacate [her] fabricated misdemeanor." *Id.* at 3. Ms. Hunt alleges she "did not violate ORS 163.750 . . . [and her] conviction was made out of thin air without proof[] of [her] guilt." *Id.* at 2.

"The jurisdiction of the [United States Court of Federal Claims] is limited to suits against the United States." *McGrath v. United States*, 85 Fed. Cl. 769, 772 (2009) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)); *see also* 28 U.S.C. §1491(a)(1). The Court of Federal Claims "does not have jurisdiction to review the decisions of state courts, federal bankruptcy courts, federal district courts, or federal circuit courts of appeals." *Mora v. United States*, 118 Fed. Cl. 713, 716 (2014); *see also Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) (stating that "the [Court of Federal Claims] does not have the authority to review [state and federal court] decisions."). Additionally, "courts have repeatedly held [that] there is no Tucker Act jurisdiction in the Court of Federal Claims to entertain claims involving race, sex, and age discrimination or other claims involving civil rights violations." *Cottrell v. United States*, 42

Fed. Cl. 144, 149 (1998). Accordingly, the Court lacks subject-matter jurisdiction over Ms. Hunt's criminal conviction appeal claims.

### B. Jurisdiction Over Ms. Hunt's Fifth and Fourteenth Amendment Claims

Second, Ms. Hunt states she is "the victim of law abuse." Compl. at 4. Ms. Hunt attempts to invoke this Court's jurisdiction by citing "[t]he Equal Protection Clause . . . within the text of the Fourteenth Amendment . . . [which] provides 'nor shall any State . . . deny to any person within its jurisdiction the equal protection of the laws.'" *Id.* (quoting U.S. Const. amend. XIV (emphasis omitted)). Additionally, Ms. Hunt cites to the "[t]he Fifth and Fourteenth Amendments to the United States Constitution . . . due process clause[s] . . . [because] the due process clause[s] act[] as a safeguard from arbitrary denial of life, liberty, or property by the government outside the sanction of law." *Id.*

The Tucker Act "confers jurisdiction on the Court of Federal Claims, and a corresponding waiver of the government's sovereign immunity from suit, when the constitutional provision . . . in question expressly creates a substantive right enforceable against the federal government for money damages." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citing *Testan*, 424 U.S. at 398). The Due Process Clauses of the Fifth and Fourteenth Amendments, as well as the Equal Protection Clause of the Fourteenth Amendment, are not "a sufficient basis for jurisdiction [in the Court of Federal Claims] because they do not mandate payment of money by the government." *Id.*; *see also Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."); *Carruth v. United States*, 627 F.2d 1068, 1081 (Ct. Cl. 1980) ("[The Court of Federal Claims] has no jurisdiction over claims based upon the Due Process and Equal Protection guarantees of the Fifth Amendment, because these constitutional provisions do not obligate the Federal Government to pay money damages."). Therefore, this Court lacks subject-matter jurisdiction over Ms. Hunt's constitutional claims.

### C. Jurisdiction Over Ms. Hunt's Claims Against State Court Officials

Lastly, Ms. Hunt alleges various claims against "some officials at Marion Courts [Oregon] [who] intentionally and ignorantly performed corruption in Marion Courts . . . by performing the gross travesty of justice and discrimination against women." Compl. at 3. Ms. Hunt alleges Marion County officials "humiliated [her] by keeping on [her] this . . . misdemeanor . . . [which] damaged [her] life, [her] health . . . [and caused] severe stress[]" during her time in jail. *Id.*

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). "When a plaintiff's complaint names private parties, or state agencies, rather than federal agencies, [the Court of Federal Claims] has no jurisdiction to hear those allegations." *Shalhoub v. United States*, 75 Fed. Cl. 584, 585 (2007). Ms. Hunt alleges various

tort claims against Oregon State Court officials for which this Court lacks subject-matter jurisdiction as they are not claims against the United States.

To the extent Ms. Hunt's claims could be read as claims against the United States, this Court is equally without jurisdiction. Under the Federal Tort Claims Act, jurisdiction over tort claims against the government lies exclusively in federal district courts. 28 U.S.C. § 1346(b)(1) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ."); *see also* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort*.") (emphasis added). In this regard, the ability of the Court of Federal Claims to provide a remedy to aggrieved parties is significantly different than that of a federal district court. *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002). "Where the adjudication of a type of claim has been granted to the district courts exclusively, [the Court of Federal Claims] has no jurisdiction to hear the case and must dismiss the matter." *Ross v. United States*, 122 Fed. Cl. 343, 348 (2015). Therefore, to the extent plaintiff seeks relief based on alleged tortious conduct, the Court of Federal Claims lacks jurisdiction.

## V.    Conclusion

The Court has considered all of Ms. Hunt's arguments. To the extent not discussed specifically herein, Ms. Hunt's other claims are unpersuasive, meritless, or unnecessary for resolving the issues currently before the Court. The Court of Federal Claims lacks subject-matter jurisdiction to consider Ms. Hunt's claims. The Court hereby: (1) **GRANTS** the government's motion to dismiss; and (2) **DISMISSES** the complaint.

**IT IS SO ORDERED.**


s/ Ryan T. Holte
RYAN T. HOLTE
Judge