# In the United States Court of Federal Claims

No. 21-1295C

(Filed: October 15, 2021)

**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| AHMAD ALJINDI, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

Plaintiff, proceeding pro se, claims that the federal government has harmed him through (1) "employment discrimination," (2) "theft of Plaintiff's intellectual property," and (3) "negligence and tort, based on the conduct described in the first two causes of action." Compl. at 2 (ECF 1). He also refers to an alleged course of judicial misconduct in lawsuits before other courts. *Id.* Defendant's motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim is ripe for decision.[1] For the reasons described below, the motion is **GRANTED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims against the federal government, most commonly claims for money as provided by the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for pro se litigants, it is not a forum for "federal claims" generally. Claims outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). The matters raised in Plaintiff's complaint are not among the subjects this Court may address.[2]

---

[1] *See* Def.'s Mot. to Dismiss (ECF 8); Pl.'s Opp. (ECF 9); Def.'s Reply (ECF 12). Plaintiff has also filed a motion for summary judgment (ECF 10). The motion for summary judgment is a substantively verbatim copy of Plaintiff's opposition brief, and the government has not filed a response.

[2] "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements."

Plaintiff's opposition to the motion to dismiss clarifies that his lawsuit does not in fact rest on discrimination, theft, or tort, but on the alleged judicial misconduct. *See* Pl.'s Opp. at 2. In a separate case Plaintiff brought against the United States, the U.S. District Court for the Central District of California dismissed three causes of action resembling those mentioned in Plaintiff's present complaint. *See* Nov. 23, 2020 Order (ECF 82) & Feb. 16, 2021 Order (ECF 108), *Aljindi v. United States*, No. 8:20-cv-00796 (C.D. Cal.) The U.S. Court of Appeals for the Ninth Circuit dismissed Plaintiff's appeal as frivolous. *See* Aug. 16, 2021 Order, *Aljindi v. United States*, No. 21-55166 (9th Cir.). Plaintiff now claims that he has been denied relief to which he was entitled in his previous case because he refused to offer the district judge a bribe. *See* Pl.'s Opp. at 2. He argues that other courts have mishandled several of his lawsuits in a variety of ways, *id.* at 3–4, 6–14,[3] and that his claims for judicial misconduct have been unfairly rejected, *id.* at 5.

Claims of judicial corruption are exceptionally serious matters. But this Court lacks authority to review allegations of misconduct by judges on another court. *See* 28 U.S.C. §§ 351, 363; Rules for Judicial-Conduct and Judicial-Disability Proceedings 7(a)(1). Nor does this Court have the power to review decisions of the Central District of California or the Ninth Circuit. *See, e.g.*, *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011) (explaining that the Court of Federal Claims "does not have jurisdiction to review the decision of district courts and cannot entertain … claim[s] that require[] the court to scrutinize the actions of another tribunal") (internal quotes omitted); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (holding that the Court of Federal Claims "does not have jurisdiction to review the decisions of district courts ... relating to proceedings before those courts"); *Earl v. United States*, 787 F. App'x 751, 752 (Fed. Cir. 2019) ("[T]he Claims Court is without jurisdiction to scrutinize the actions of another tribunal."). Plaintiff thus may not pursue his judicial misconduct theories in this Court.

Insofar as Plaintiff alleges that the judicial misconduct involved criminal conduct or torts, this Court lacks jurisdiction for other reasons. This Court "has no jurisdiction over criminal matters[.]" *Jones v. United States*, 440 F. App'x 916, 918

---

*Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

[3] Plaintiff misunderstands the significance of some of the events he describes. For example, Mr. Aljindi asserts that the United States "conceded … wrongdoing" in the Supreme Court. *See* Pl.'s Opp. at 3. In fact the United States simply waived its response to Plaintiff's petition for certiorari, which the Supreme Court denied. *See Aljindi v. United States*, No. 19-7708 (U.S.), *cert. denied*, Apr. 6, 2020, *rehearing denied*, Jun. 1, 2020. The government made no substantive concession by waiving a response, and in fact prevailed in the Supreme Court when Plaintiff's petition was denied.

(Fed. Cir. 2011). This Court also lacks jurisdiction over claims "sounding in tort." *See* 28 U.S.C. § 1491(a)(1); *Brown*, 105 F.3d at 623 (citing *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993)).

Finally, although Plaintiff appears to disclaim the three causes of action mentioned in his Complaint, *see* Pl.'s Opp. at 2, those claims would have to be dismissed in any event. As just mentioned, this Court lacks jurisdiction over tort claims, including negligence and theft. Even assuming Plaintiff meant to allege a Fifth Amendment taking of his intellectual property, his allegations are not facially plausible without factual allegations about what the property consisted of, how it was taken, and what the government did with it. *See Scott v. United States*, 134 Fed. Cl. 755, 764 (2017). The government correctly notes that this Court lacks jurisdiction over federal employment discrimination cases as well. *See Taylor v. United States*, 310 F. App'x 390, 393 (Fed. Cir. 2009) ("Because Title VII vests jurisdiction over discrimination claims exclusively in the district court, the Court of Federal Claims cannot exercise jurisdiction over those claims."); *see also Horne v. Dep't of Agric.*, 569 U.S. 513, 527 (2013) (explaining that a "comprehensive remedial scheme" can displace kinds of claims that would otherwise fall within this Court's jurisdiction).

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** and the case is **DISMISSED**, without prejudice, for lack of jurisdiction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice."). Plaintiff's motion for summary judgment (ECF 10) is **DENIED**. Plaintiff's Application to Proceed *In Forma Pauperis* (ECF 2) is **GRANTED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge