NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

—————————

**AHMAD ALJINDI,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

—————————

2022-1117

—————————

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01295-SSS, Judge Stephen S. Schwartz.

—————————

Decided:  May 10, 2022

—————————

AHMAD ALJINDI, Irvine, CA, pro se.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

—————————

PER CURIAM.

Dr. Ahmad Aljindi appeals the final decision of the U.S. Court of Federal Claims dismissing his complaint for lack of jurisdiction.  For the reasons below, we affirm-in-part, vacate-in-part, and remand.

## BACKGROUND

On April 28, 2021, Dr. Aljindi filed a complaint *pro se* at the Court of Federal Claims.  Dr. Aljindi sought $32.7 million in damages for employment discrimination in addition to relief for "intellectual property and copyright[] law[] violations, negligence, and tort."  SAppx. 9.[1]  The Government moved to dismiss Dr. Aljindi's complaint for lack of subject matter jurisdiction and failure to state a claim.

The Court of Federal Claims agreed with the Government and dismissed Dr. Aljindi's complaint.  *See Aljindi v. United States*, No. 21-1295C, 2021 WL 4807205 (Fed. Cl. Oct. 15, 2021); SAppx. 1–3.  The court interpreted Dr. Aljindi's complaint as alleging three claims: (1) employment discrimination; (2) theft of his intellectual property;[2] and (3) negligence and tort based on the conduct described in his complaint for the first two claims. SAppx. 1.  Additionally, after reviewing Dr. Aljindi's brief in response to the Government's motion to dismiss, the court noted that Dr. Aljindi's lawsuit was really focused on his allegations of "judicial misconduct" in the U.S. District

---

[1]    Citations to "SAppx." refer to the Supplemental Appendix attached to the Government's brief.

[2]    Dr. Aljindi's complaint does not mention patent infringement.  As for a claim under federal copyright law, Dr. Aljindi's complaint states that he seeks "$32.7 [m]illion for [e]mployment [d]iscrimination [and m]aximum monetary [c]onstitutional [r]elief for the intellectual property and copyright[] law[] violations, negligence, and tort." SAppx. 9.  There is no other mention of copyright law.

Court for the Central District of California and the U.S. Court of Appeals for the Ninth Circuit. SAppx. 2; *see also* SAppx. 8 (requesting the court "take formal notice of the ongoing judicial corruption, abuse, and torture in addition to [the Government's] abuse and torture"). The court thus considered those claims as well.

Regarding the first claim, employment discrimination, the trial court explained that the Court of Federal Claims does not have jurisdiction over federal employment discrimination cases, i.e., it does not have the power to decide those cases. Rather, as the court explained, only federal district courts have jurisdiction over those claims. SAppx. 3 (quoting *Taylor v. United States*, 310 F. App'x 390, 393 (Fed. Cir. 2009) ("Because Title VII vests jurisdiction over discrimination claims exclusively in the district court, the Court of Federal Claims cannot exercise jurisdiction over those claims.")).

The trial court explained that Dr. Aljindi's second and third claims—intellectual property theft (not including claims of patent infringement or copyright infringement) and negligence and tort, respectively—are tort claims, a type of claim over which the court also lacks jurisdiction. SAppx. 2–3 (citing 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . for . . . damages in cases *not sounding in tort*." (emphasis added))). The court also construed Dr. Aljindi's intellectual property theft claim as a Fifth Amendment takings claim but determined that Dr. Aljindi had not provided sufficient facts in his complaint to support such a claim. Specifically, the court determined that Dr. Aljindi failed to specify in his complaint "what the property consisted of, how it was taken, and what the [G]overnment did with it." SAppx. 3.

Finally, regarding Dr. Aljindi's judicial misconduct allegations, the court explained that it "lacks authority to

review allegations of misconduct by judges on another court." SAppx. 2 (citing 28 U.S.C. §§ 351, 363). It also considered Dr. Aljindi's allegations that he had been denied relief in the Central District of California and Ninth Circuit. Citing our prior decision holding that the Court of Federal Claims "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts," *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994), the court explained that it likewise does not "have the power [i.e., jurisdiction] to review decisions" of either of these courts. SAppx. 2. And, in considering Dr. Aljindi's allegations that the judicial misconduct involved criminal conduct or torts, the court explained that it lacks "jurisdiction over criminal matters," SAppx. 2–3 (quoting *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011)), as well as claims sounding in tort.

Dr. Aljindi appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

On appeal, Dr. Aljindi continues to seek $32.7 million for employment discrimination, as well as constitutional relief for the alleged intellectual property and copyright law violations, negligence, and tort. Appellant's Br. 3.[3] The Court of Federal Claims dismissed these for lack of jurisdiction or, in the alternative, for failure to state a claim. We review the Court of Federal Claims' dismissal for lack of jurisdiction de novo, i.e., without deference to the trial court. *Creative Mgmt. Servs., LLC v. United States*, 989 F.3d 955, 961 (Fed. Cir. 2021). We also review dismissal for failure to state a claim de novo. *Id.* And while we construe *pro se* filings like Dr. Aljindi's liberally, that does

---

[3]   Because Dr. Aljindi's opening brief on appeal includes numerous attachments, we use the pagination provided in the header of his brief.

not alleviate Dr. Aljindi's burden to establish jurisdiction. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

As the trial court correctly explained, its jurisdiction "is limited to specific types of claims against the federal government, most commonly claims for money as provided by the Tucker Act." SAppx. 1 (citing 28 U.S.C. § 1491(a)(1)). Specifically, the Tucker Act provides the Court of Federal Claims with "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." § 1491(a)(1).

Here, the Court of Federal Claims properly determined that it lacks jurisdiction over Dr. Aljindi's employment discrimination, tort (including negligence and intellectual property theft), and judicial misconduct claims. Regarding his employment discrimination claim, we have previously explained that only the district courts—which do not include the Court of Federal Claims—have jurisdiction over employment discrimination claims. *See Taylor*, 310 F. App'x at 393 ("Title VII vests jurisdiction over discrimination claims exclusively in the district court, [and] the Court of Federal Claims cannot exercise jurisdiction over those claims."). We therefore affirm the trial court's determination that it lacks jurisdiction to review Dr. Aljindi's employment discrimination claim.

Regarding Dr. Aljindi's tort claims, including his negligence and intellectual property theft claims, the Tucker Act specifically states that the Court of Federal Claims only has jurisdiction over claims against the United States in cases "not sounding in tort." § 1491(a)(1); *see Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction. It lacks jurisdiction over tort actions against the United

States."). As with employment discrimination claims, only the district courts have jurisdiction over tort claims against the United States. *See Awad v. United States*, 301 F.3d 1367, 1372 (Fed. Cir. 2002) (explaining that the "district courts have jurisdiction in suits against the United States for" tort claims under the Federal Tort Claims Act); *see also* 28 U.S.C. § 1346(b)(1). We therefore affirm the trial court's determination that it lacks jurisdiction to review Dr. Aljindi's tort claims, including negligence and intellectual property theft.

In its motion to dismiss for failure to state a claim, the Government explained that Dr. Aljindi's complaint could be liberally construed as alleging "either a takings claim; a claim of patent or copyright infringement; or a trade secrets claim" over which the Court of Federal Claims would have jurisdiction. Appellant's Br. 40 (reproducing Government's motion to dismiss at the Court of Federal Claims). The Government argued that Dr. Aljindi's complaint did not provide the minimum required factual allegations in his complaint to support these claims.

The trial court agreed regarding Dr. Aljindi's Fifth Amendment takings claim, determining that he did not provide the minimum required factual allegations in his complaint to support this claim. *See* SAppx. 8. Dr. Aljindi argues on appeal, as he did in his complaint, that the Department of Defense "has stolen illegally and without giving him credit" his intellectual property related to information security, artificial intelligence, and legacy information systems, thus "invok[ing] the Fifth Amendment." Appellant's Br. 9. While we must accept all "nonconclusory allegations of fact" in Dr. Aljindi's complaint as true, *Samish Indian Nation v. United States*, 419 F.3d 1355, 1364 (Fed. Cir. 2005), here, Dr. Aljindi's one-sentence factual allegation regarding his intellectual property theft is too conclusory to support a Fifth Amendment takings claim. We agree with the trial court that Dr. Aljindi's "allegations are not facially plausible without factual

allegations about what the property consisted of, how it was taken, and what the government did with it." SAppx. 3.[4]

We note, however, that Dr. Aljindi mentioned "copyrights law[] violations" in the relief section of his complaint. SAppx. 9. As the Government stated in its trial brief, and we agree, this can be liberally construed as a copyright infringement claim over which the Court of Federal Claims would have jurisdiction. *See* 28 U.S.C. § 1498(b) ("[W]henever the copyright in any work protected under the copyright laws of the United States shall be infringed by the United States, . . . the exclusive action which may be brought for such infringement shall be an action by the copyright owner against the United States in the Court of Federal Claims[.]"). Because the trial court has jurisdiction over this claim, we vacate-in-part the court's dismissal. We remand for the court to consider the Government's position that Dr. Aljindi's complaint fails to state a claim for copyright infringement, that is, that he has failed to identify sufficient facts in his complaint supporting this claim.

Next, we consider Dr. Aljindi's claims of judicial misconduct, which the Court of Federal Claims dismissed for lack of jurisdiction. As the trial court correctly explained, it does not have the authority to review allegations of misconduct by judges from a different court (e.g., the Central

---

[4] We note that even if Dr. Aljindi's complaint alleged additional facts, the Court of Federal Claims would lack jurisdiction to decide his Fifth Amendment takings claim based on his continued assertion that the Government stole his intellectual property "without his permission." Appellant's Br. 9. As we explained in *Shelden v. United States*, the Court of Federal Claims "lacks jurisdiction over takings claims in which the petitioner asserts the subject taking was not authorized." 742 F. App'x 496, 501 (Fed. Cir. 2018).

District of California) or a different circuit (e.g., the Ninth Circuit).  SAppx. 2; *see also* Rules for Judicial-Conduct and Judicial-Disability Proceedings 7(a)(1)[5] ("Where to Initiate Complaint": "a complaint against a judge of a United States court of appeals, a United States district court, a United States bankruptcy court, or a United States magistrate judge must be filed with the circuit clerk in the jurisdiction in which the subject judge holds office").

Finally, in his brief on appeal, Dr. Aljindi also alleges that "his unique case involves" retaliation.  Appellant's Br. 4.  He provides numerous allegations concerning retaliation by various federal agencies (as well as the Government's attorneys) in his reply brief.  *See, e.g.*, Appellant's Reply Br. 6–10.  Dr. Aljindi did not identify retaliation as one of his causes of action in his complaint.  "[E]ven with the leniency afforded to *pro se* litigants, issues not raised before the [Court of Federal Claims] are waived on appeal." *Mone v. United States*, 766 F. App'x 979, 986 (Fed. Cir. 2019).   Dr. Aljindi's claims of retaliation are therefore waived because he failed to raise them at the trial court.

CONCLUSION

For these reasons, we affirm-in-part and vacate-in-part the decision of the Court of Federal Claims.[6]  On remand,

---

   [5]   https://www.uscourts.gov/sites/default/files/judicial_conduct_and_disability_rules_effective_march_12_2019.pdf.

   [6]   On January 10, 2022, Dr. Aljindi filed a motion to expedite his appeal.  ECF No. 14.  We denied that motion on February 1, 2022, informing Dr. Aljindi that he "may self-expedite his appeal by filing his reply brief early," ECF No. 16.  Dr. Aljindi filed a second motion to expedite his appeal on Mach 21, 2022.  ECF No. 23.  We deny this second motion to expedite as moot because this opinion and

the court should consider whether Dr. Aljindi's complaint contains the minimum required factual allegations to support a claim of copyright infringement.

## AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED

C OSTS

No costs.

---

accompanying judgment resolve the merits of Dr. Aljindi's appeal.