NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IRINA COLLIER,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2023-2052

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00654-RAH, Judge Richard A. Hertling.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

The United States moves to summarily affirm the judgment of the United States Court of Federal Claims dismissing Irina Collier's complaint. Ms. Collier responds and files several motions for various relief, including consolidation of this case with Appeal No. 2023-2420.

Ms. Collier brought a sprawling complaint in the Court of Federal Claims that was liberally construed as alleging

claims that "(1) government agencies obstructed justice in connection with the attempted insurrection on January 6, 2021; (2) the United States Court of Appeals for the Federal Circuit mishandled one of [Ms. Collier]'s cases; (3) a domestic-violence restraining order has been violated; (4) the U.S. Postal Service [ ] committed fraud by mishandling her mailed court filings; (5) [Ms. Collier]'s alleged misdiagnosis with mental-health disorders was recorded in her medical charts and police records and has affected her ability to travel and receive medical and emergency care; (6) [Ms. Collier] has suffered police brutality; (7) [Ms. Collier]'s son has been trafficked, abused, and medically neglected; (8) the plaintiff was misled into moving into a mental-health facility receiving government funding; (9) Stanford University and the University of California are undermining the government; and (10) numerous actors have violated the Privacy Act, the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act ("Patriot Act"), and the Racketeer Influenced and Corrupt Organizations Act ("RICO")." *Collier v. United States*, No. 23-654, slip op. at 1–2 (Fed. Cl. May 9, 2023).

On May 9, 2023, the Court of Federal Claims issued an order granting Ms. Collier's motion for leave to proceed *in forma pauperis* and *sua sponte* dismissing the complaint under Rule 12(h)(3) of the Rules of the Court of Federal Claims because Ms. Collier "had not identified a valid basis for Tucker Act jurisdiction." ECF No. 1-2 at 4. Noting that Ms. Collier "has filed numerous claims and appeals" in the federal courts that were recently "dismissed as frivolous and duplicative of earlier claims," the court concluded that it would not be in the interest of justice to transfer to another court under 28 U.S.C. § 1631. *Id.* at 6. And it certified under 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. *Id.* Ms. Collier nevertheless appealed.

Ms. Collier's brief and opposition to the government's motion fail to make any cogent, non-frivolous argument as to why the Court of Federal Claims' determination to dismiss her complaint was incorrect. Contrary to her argument, the Court of Federal Claims lacks jurisdiction to consider habeas claims. *See Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002). The trial court was also clearly correct in holding that it lacked jurisdiction to address Ms. Collier's various grievances regarding her prior civil actions, *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001), and that her Privacy Act, Patriot Act, RICO, fraud, and other criminal or tort claims are clearly outside the limited jurisdiction of the Court of Federal Claims under the Tucker Act. *See Bush v. United States*, 627 F. App'x 928, 930 (Fed. Cir. 2016) (Privacy Act); *Clark v. United States*, 116 F. App'x 278, 279–80 (Fed. Cir. 2004) (Patriot Act); *Shelden v. United States*, 742 F. App'x 496, 501–02 (Fed. Cir. 2018) (RICO); *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) (review of other courts); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (fraud). We have considered Ms. Collier's remaining arguments and conclude that they are without merit. Thus, we agree with the government that summary disposition is appropriate here because there is no "substantial question regarding the outcome" of the appeal. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (citation omitted).

Accordingly,

IT IS ORDERED THAT:

(1) The motion for summary affirmance is granted. The judgment of the United States Court of Federal Claims is summarily affirmed.

(2) All other pending motions are denied.

(3)  Each side shall bear its own costs.

FOR THE COURT



December 15, 2023
Date

Jarrett B. Perlow
Clerk of Court