Robert HOWARD–PINSON, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 06–556C.

United States Court of Federal Claims.

Dec. 18, 2006.

Robert M. Howard–Pinson, College Park, Maryland, pro se.

Lauren S. Moore, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, Bryant G. Snee, Assistant Director, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., and Major Rebecca Ausprung, United States Army, Arlington, Virginia, Of Counsel, for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

This case involves the claim of Plaintiff, Robert M. Howard–Pinson, that the Government violated his constitutional rights in court-martial proceedings against him for distributing controlled substances. He contends that his confession was obtained involuntarily in violation of the Fifth Amendment. Defendant has filed a motion to dismiss for lack of subject matter jurisdiction, or in the alternative, for judgment upon the administrative record pursuant to RCFC 52.1. Plaintiff has requested oral argument regarding his due process rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). At the time of his court martial, Plaintiff was an Army Private First Class stationed at Fort Campbell, Kentucky. He seeks a declaration that his rights were violated, an upgrade of his dishonorable discharge to honorable, and back pay of $130,000 for an unspecified time.

## Background

Robert Howard–Pinson enlisted in the United States Army in 1998 for a term of four years. Administrative Record ("AR") 1. After basic training, the Army assigned him to an infantry regiment at Fort Campbell, Kentucky. *Id.* On January 24, 2001, officers from the Army's Criminal Investigation Division ("CID") arrested Mr. Howard–Pinson on suspicion of distributing controlled substances. AR 31. He was taken to the Fort Campbell CID office, where he was advised of his rights orally and in writing, pursuant to the Fifth Amendment of the United States Constitution, Article 31(b) of the Uniform Code of Military Justice, and *Miranda v. Arizona, supra.* AR 35–36. Mr. Howard–Pinson acknowledged his understanding of each of these rights by initialing next to an explanation of them on Department of the Army Form 3881. AR 4. He also signed the waiver of rights on the same form. *Id.* CID investigators and a civilian narcotics agent from the local police department questioned Mr. Howard–Pinson on January 24, 2001 and January 26, 2001. AR 9–11, 87–88. He made incriminating statements to both the military and local police officials, and then signed a written document containing these incriminating statements. AR 5–8.

On February 5, 2001, the Army referred court-martial charges against Mr. Howard–Pinson for distribution of controlled substances. AR 12–13. Mr. Howard–Pinson's defense attorney filed a pre-trial motion to suppress his client's statements, claiming that they were made involuntarily. AR 14–16. The Government opposed the motion, AR 17–24, and prevailed after a full hearing before a military judge in which both Mr. Howard–Pinson and the investigators testified. AR 138–41. The military judge found "that the accused's statements were given voluntarily after a knowing and intelligent waiver of applicable rights." AR 138.

On May 9, 2001, a General Court–Martial tried Mr. Howard–Pinson, and he pleaded not guilty to all the allegations against him. AR 26–27, 141. A military judge found him guilty of four counts of distributing con-

trolled substances.[1] AR 144–45. He was sentenced to a reduction in pay grade, forfeiture of all pay and allowances, confinement for six years, and a dishonorable discharge. AR 146. Mr. Howard–Pinson appealed his case to the Army Court of Criminal Appeals ("ACCA"), alleging that the judge committed prejudicial error when he admitted Mr. Howard–Pinson's statements in violation of his rights. AR 148–60. On December 30, 2003, the ACCA affirmed the judgment after a de novo review of the trial record. AR 203. On September 15, 2004, the Court of Appeals of the Armed Forces denied Mr. Howard–Pinson's petition for appeal, and the Army then enforced his Court Martial sentence. AR 219–20.

On October 4, 2005, Mr. Howard–Pinson filed a habeas corpus petition in the United States District Court for the Eastern District of Virginia seeking to have his court-martial conviction set aside. On July 10, 2006, the District Court dismissed his petition under the limited review standard established by the Supreme Court in *Burns v. Wilson*, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953), concluding that the military courts gave fair consideration to his claims. *Robert M. Howard–Pinson v. Army Clemency and Parole Board*, No. 1:05cv1157 (E.D.Va., decided July 10, 2006) (Hilton, J.). On July 31, 2006, Mr. Howard–Pinson filed his complaint in this Court seeking a declaration that his rights were violated, an upgrade of his discharge from dishonorable to honorable, and back pay of $130,000.

Defendant challenges Plaintiff's complaint on two grounds. First, it asserts that the doctrine of collateral estoppel bars this Court from hearing Plaintiff's complaint because it was fully and fairly litigated in a prior action. Second, Defendant argues in the alternative that the Court should grant judgment on the administrative record in the Government's favor pursuant to Rule 52.1. For the reasons stated below, the Court finds that collateral estoppel applies to this claim, and bars Plaintiff from having his case heard again.

*Jurisdiction under the Tucker Act*

■ Pursuant to the Tucker Act, the United States Court of Federal Claims has jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C.A. § 1491(a)(1) (2000). The Tucker Act, however, "does not create any substantive right[s] enforceable against the United States for money damages[;] ... the Act merely confers jurisdiction upon it whenever the substantive right exists." *United States. v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114, (1976) (citation omitted). A plaintiff coming before this Court, therefore, must also identify a separate provision of law conferring a substantive right for money damages against the United States. See *Todd v. United States*, 386 F.3d 1091, 1094 (Fed.Cir.2004).

Plaintiff cites 28 U.S.C. §§ 1331, 1361, 2201 and 2241 to claim that this Court has jurisdiction over his complaint. None of these sections provide for money damages, without which this Court lacks authority to hear his claim. Plaintiff is proceeding *pro se*, however, and is entitled to a liberal construction of his pleadings. See *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (noting that *pro se* plaintiffs' pleadings are held to "less stringent standards than formal pleadings drafted by lawyers"); see also *Hughes v. Rowe*, 449 U.S. 5, 15, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (explaining that "[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims."); *Forshey v. Principi*, 284 F.3d 1335, 1358 n. 21 (Fed.Cir.2002) (noting that "the courts of appeals have also applied less stringent standards" to *pro se* parties). Plaintiff's complaint included a money damages claim for back pay. Jurisdiction in this Court for back pay would arise under the Military Pay Act, 37 U.S.C. § 204 (2006).

---

1. Plaintiff was found guilty of distributing LSD, ecstasy, and cocaine on multiple occasions, and gamma hydroxybutrate acid (GHB) on one occasion. Plaintiff was found not guilty of distributing crystal methamphetamine and ketamine. AR 144–45.

**554**

*See Spehr v. United States,* 51 Fed.Cl. 69, 81 (2001) (stating that "[i]t is well established that claims for back pay stemming from allegedly unlawful separation from active duty in the armed services are within the jurisdiction of the Court of Federal claims...."). Thus, even though Plaintiff did not cite the Military Pay Act in his complaint, the Court will accept jurisdiction as if it had been cited.

### Collateral Estoppel

 This Court, nevertheless, is barred from hearing Plaintiff's claim again under the doctrine of collateral estoppel. Collateral estoppel, which also is known as issue preclusion, prohibits a court from rehearing a claim that has been fully and fairly litigated in a prior proceeding. *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 77, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). *See also Ammex, Inc. v. United States,* 384 F.3d 1368, 1371 (Fed.Cir.2004); *Chapman Law Firm Co. v. United States,* 72 Fed.Cl. 14 (2006) ("Issue preclusion forecloses re-litigation of a matter that has been heard and decided."). This doctrine applies when the "issues to be litigated (1) are identical to those raised in the prior proceeding; (2) actually were litigated in the prior proceeding; (3) played 'a critical and necessary part' of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted ... had a full and fair opportunity to litigate the issue in the prior proceeding." *Northrop Grumman Corp. v. United States,* 70 Fed.Cl. 230, 233 (Fed.Cl.2006) (citing *Dana v. E.S. Originals, Inc.,* 342 F.3d 1320, 1323 (Fed.Cir.2003) (internal citations omitted)); see also *Mother's Restaurant, Inc. v. Mama's Pizza, Inc.,* 723 F.2d 1566, 1569 (Fed.Cir.1983).

 The issues Plaintiff raises in his complaint here fall squarely within the ambit of issue preclusion. Following Plaintiff's court-martial conviction, three other courts considered the same claims Plaintiff brings before this Court—two military courts and the United States District Court for the Eastern District of Virginia. Each court considered the same dispositive legal questions, and upheld the original findings of the military judge after giving Plaintiff a full and fair opportunity to make his case. This Court, therefore, is proscribed from hearing again the same issues that courts of competent jurisdiction previously have decided. The previous court's judgment is binding on the parties so "that there should be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled between the parties." *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 401, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (quoting *Baldwin v. Traveling Men's Ass'n,* 283 U.S. 522, 525, 51 S.Ct. 517, 75 L.Ed. 1244 (1931)).

Accordingly, Defendant's motion to dismiss is hereby GRANTED and Plaintiff's complaint shall be DISMISSED with prejudice. Plaintiff's motion for oral argument is DENIED.

IT IS SO ORDERED.