NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VERSIAH M. TAYLOR,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2015-1518

---

Appeal from the United States District Court for the Northern District of Florida in No. 5:14-cv-00252-RS-EMT, Judge Richard Smoak.

---

Decided: September 16, 2015

---

VERSIAH M. TAYLOR, Talladega, AL, pro se.

GEOFFREY MARTIN LONG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by REGINALD T. BLADES, JR., ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER.

---

Before MOORE, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

Versiah M. Taylor *pro se* appeals the United States District Court for the Northern District of Florida's denial of his motion to transfer his claims to the United States Court of Federal Claims. Because the Court of Federal Claims lacks jurisdiction over Mr. Taylor's claims, we *affirm*.

BACKGROUND

In August 2014, Mr. Taylor filed a complaint in the United States District Court for the Middle District of Florida, which was transferred *sua sponte* to the Northern District. The complaint alleges violations of 26 U.S.C. § 7431, 18 U.S.C. § 2520(g), 18 U.S.C. § 2707(g) and 5 U.S.C. § 552a by the Internal Revenue Service. In general, Mr. Taylor seeks damages for alleged improper disclosure of his personal information during an investigation into fraudulent income tax filings. Despite this, Magistrate Judge Timothy entered an order stating that "Plaintiff … initiated this civil rights action by filing a complaint under 42 U.S.C. § 1983" and requiring Mr. Taylor to use the corresponding local complaint form.[1]

Mr. Taylor filed a motion to transfer his case to the Court of Federal Claims that was denied without explanation.[2] An appeal to the District Judge was likewise de-

---

[1] Mr. Taylor had previously filed allegations similar to those alleged in this case under 42 U.S.C. § 1983 using the local complaint form. *See Taylor v. Pekerol*, No. 14-12446, 2015 WL 4774813, at *2 (11th Cir. Aug. 14, 2015). Those claims were initially dismissed, but that decision was vacated and remanded on appeal. *Id.* at *4.

[2] "An appellate court can affirm a decision of the trial court upon any ground supported by the record."

nied. Mr. Taylor appealed those decisions to the United States Court of Appeals for the Eleventh Circuit, which transferred the appeal *sua sponte* to this court.

## DISCUSSION

Transfer is permissible only if the destination court has subject matter jurisdiction over the claim. *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007). We review *de novo* a district court's denial of a motion to transfer. *Id.* Our jurisdiction under 28 U.S.C. § 1292(d)(4)(A) is limited to the motion to transfer. *Id.* Although we afford *pro se* plaintiffs leniency for mere formalities, we cannot waive or overlook jurisdictional requirements. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Below and on appeal Mr. Taylor argued that the Tucker Act, specifically 28 U.S.C. § 1491(a)(1), allows transfer of his complaint to the Court of Federal Claims. The Tucker Act confers jurisdiction on the Court of Federal Claims over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). This limited subject matter jurisdiction does not cover Mr. Taylor's claims. Rather, the jurisdictional statutes for each of the claims alleged by Mr. Taylor, to the extent they provide jurisdiction, grant jurisdiction only to the district courts.

Mr. Taylor's causes of action that arise under the criminal code, Title 18, must be brought in the district courts, if they can be brought at all. The Court of Federal

---

*Orion Tech., Inc. v. United States*, 704 F.3d 1344, 1350 (Fed. Cir. 2013).

Claims has previously held it "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code" in particular where there is no "money mandating provision of law …." *Joshua v. United States*, 17 F.3d 378, 379-80 (Fed. Cir. 1994) (quoting and summarily affirming the Court of Federal Claims' order). Mr. Taylor's initial complaint referenced Sections 2520(g) and 2707(g) as permitting recovery. Both of these Sections, however, specifically exempt the United States from liability. 18 U.S.C. §§ 2520(a), 2707(a) (both "other than the United States"). On appeal, appellant's informal brief instead referenced Section 2712. This Section specifically requires actions be filed "in United States District Court …." 18 U.S.C. § 2712(a). Hence, none of the sections of Title 18 relied on create jurisdiction in the Court of Federal Claims.

Jurisdiction over Mr. Taylor's other claims is explicitly granted to the district courts. The Internal Revenue Code, under 26 U.S.C. § 7431(a)(1), provides that the remedy for violations of the relevant statute is "a civil action for damages against the United States *in a district court* of the United States." (emphasis added); *see also Calhoun v. United States*, 32 Fed. Cl. 400, 407 (1994) *aff'd*, 61 F.3d 918 (Fed. Cir. 1995). Likewise, the Privacy Act, under 5 U.S.C.A. § 552a(g)(1), provides "the district courts of the United States shall have jurisdiction" over civil actions concerning the relevant statute.

Having reviewed the matter carefully, we hold that, because the United States Court of Federal Claims would lack jurisdiction over Mr. Taylor's claims, we must *affirm* the order denying transfer.

## CONCLUSION

For these reasons, we *affirm* the United States District Court for the Northern District of Florida's denial of Mr. Taylor's motion to transfer.

## AFFIRMED

### Costs

Each party shall bear its own costs.