NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————————

**ERICA WESTON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

———————————————

2022-1179

———————————————

Appeal from the United States Court of Federal Claims in No. 1:20-cv-00504-PEC, Judge Patricia E. Campbell-Smith.

———————————————

Decided:  April 13, 2022

———————————————

ERICA WESTON, Lawrenceville, GA, pro se.

PATRICK PHIPPEN, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JACOB EARL CHRISTENSEN, DAVID A. HUBBERT.

———————————————

Before LOURIE, PROST, and CHEN, *Circuit Judges*.

PER CURIAM.

Appellant Erica Weston appeals the decision of the U.S. Court of Federal Claims (Claims Court) granting the United States' (Government) motion to dismiss her complaint, which sought a refund for overpayment of federal income taxes that she claimed in her 2012 and 2013 returns, for lack of subject matter jurisdiction. The Claims Court held that since Ms. Weston's complaint was filed after the two-year limitations period set forth in 26 U.S.C. § 6532(a)(1), it did not have jurisdiction to hear her case. On appeal, Ms. Weston relies on 26 U.S.C. § 7502(a)(1) to argue that the Claims Court erred because her complaint was mailed before the limitations period expired. Since the Claims Court correctly concluded that Ms. Weston's complaint was untimely filed, we *affirm* the dismissal.

BACKGROUND

A

To maintain a tax refund suit against the United States, taxpayers must first file a refund claim with the Internal Revenue Service (IRS). 26 U.S.C. § 7422(a). Taxpayers then have two years from the date the IRS mails a notice disallowing the claim to initiate a lawsuit to recover the refund:

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun . . . after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a)(1). We have held that the failure to file a timely complaint under § 6532(a)(1) deprives the Claims Court of subject matter jurisdiction. *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461–63 (Fed. Cir. 1998); *accord Kaffenberger v. United States*, 314 F.3d 944, 950–51

(8th Cir. 2003); *In re Pransky*, 318 F.3d 536, 542 (3d Cir. 2003); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990).

B

After Ms. Weston's husband passed away in 2012, she encountered difficulties electronically filing her federal income tax returns for the years 2012 and 2013 due to complications with her social security number. J.A. 12–13. On August 28, 2017, she physically delivered her 2012 and 2013 returns to the IRS office in Atlanta, Georgia, which accepted and filed them that same day. J.A. 12, 18, 22. On these returns, Ms. Weston reported overpayments in the amounts of $3,112.00 and $3,600.00 respectively and requested refunds in those amounts. *See* J.A. 24, 29.

On April 4, 2018, the IRS mailed a notice of disallowance to Ms. Weston, notifying her that her refund claim for 2013 was being disallowed because she filed her request too late. J.A. 29−33. On April 11, 2018, the IRS mailed a second notice of disallowance to Ms. Weston, notifying her that her refund claim for 2012 was being disallowed for the same reason. J.A. 24−28. The IRS sent each notice by certified mail, and the notices advised Ms. Weston that she had two years from the date of each notice to seek judicial review of the IRS's determinations. J.A. 24, 27, 29, 32.

Ms. Weston then filed a complaint with the Claims Court seeking review of the IRS's disallowance determinations. J.A. 16. She mailed her complaint, via certified mail, to the Claims Court on April 11, 2020. J.A. 39, 40. The Claims Court received her complaint on April 20, 2020, and docketed the complaint that same day. J.A. 8, 40.

The Government moved to dismiss the complaint for lack of subject matter jurisdiction, or alternatively for failure to state a claim, because it was not timely filed under

26 U.S.C. § 6532(a)(1).[1] *Weston v. United States*, 156 Fed. Cl. 9, 10 (2021). Although sympathetic to Ms. Weston's grief after losing her husband and her frustrations with the claims process, the Claims Court found it did not have jurisdiction because her complaint was untimely filed under § 6532(a)(1). *Id.* at 12–13. Accordingly, the Claims Court granted the Government's motion to dismiss Ms. Weston's complaint for lack of subject matter jurisdiction. *Id.* at 10, 13. This appeal followed. This Court has jurisdiction to consider Ms. Weston's appeal under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

A plaintiff has the burden to establish the trial court's jurisdiction. *See Diaz v. United States*, 853 F.3d 1355, 1357 (Fed. Cir. 2017). We review *de novo* a dismissal by the Claims Court for lack of subject matter jurisdiction. *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009). And we review the Claims Court's fact findings for clear error. *Stephens v. United States*, 884 F.3d 1151, 1155 (Fed. Cir. 2018).

Ms. Weston argues that the Claims Court failed to consider that, under 26 U.S.C. § 7502(a)(1), timely mailing of her complaint should be treated as timely filing. Appellant's Br. 1; J.A. 36, 38. Ms. Weston contends that since she sent her complaint via certified mail in an envelope

---

[1]    The Government alternatively argued that Ms. Weston's refund claims were barred under 26 U.S.C. § 6511(b)(2)(A), which limits the refund of taxes paid more than three years before the filing of a refund claim to the amount of taxes actually paid within a certain time period prior to the  refund claim—here, zero dollars. Appellee's Br. 3, 13–14 . The Government reasserts this argument on appeal. Appellee's Br. 3, 11–15. Because we affirm the Claims Court's dismissal for lack of subject matter jurisdiction, we need not reach this argument.

properly addressed to the Claims Court and bearing a postmark from the U.S. Postal Service of April 11, 2020, her complaint was timely filed, and thus the Claims Court had jurisdiction over her complaint. Appellant's Br. 1; J.A. 36, 38. The Government responds that § 7502(a)(1) does not apply to documents filed in the Claims Court. Appellee's Br. 6–10. We agree with the Government.

Section 7502(a)(1) sets forth a "mailbox rule" for timely-mailed documents:

> If any . . . document required to be filed . . . within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency . . . with which such . . . document is required to be filed, . . . the date of the United States postmark stamped on the cover in which such . . . document . . . is mailed shall be deemed to be the date of delivery.

However, § 7502(a)(1)'s mailbox rule "*shall not apply* with respect to . . . the filing of a document in . . . *any court other than the Tax Court*." 26 U.S.C. § 7502(d) (emphasis added); *see also* 26 C.F.R. § 301.7502–1(b)(1)(iii) (defining "document" in § 7502(a)(1) as "not includ[ing] any document filed in *any court other than the Tax Court*") (emphasis added). Since Ms. Weston's complaint was a document filed not with the Tax Court, but with the Claims Court, the mailbox rule of § 7502(a)(1), where the postmarked, mailing date is deemed to be the filing date, does not apply. Instead, Rule 3 of the U.S. Court of Federal Claims applies when determining whether her complaint was timely filed. Under that rule, "[a] civil action is commenced by filing a complaint with the court."

Ms. Weston may have *mailed* her complaint within § 6532(a)(1)'s two-year limitations period—i.e., by April 11, 2020, but her complaint is nonetheless time-barred

because it was not received by and filed with the Claims Court until after expiration of the two-year period—i.e., after April 11, 2020. "Although we afford *pro se* plaintiffs leniency for mere formalities, we cannot waive or overlook jurisdictional requirements." *Taylor v. United States*, 616 F. App'x 423, 424 (Fed. Cir. 2015) (citing *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)). We share in the Claims Court's sympathies toward Ms. Weston's situation, but under § 6532 and our precedent, Ms. Weston's complaint was not timely filed.

We therefore hold that the Claims Court correctly found that it lacked jurisdiction over Ms. Weston's 2012 and 2013 refund claims because she did not file her complaint within two years of the IRS disallowing those claims.

## CONCLUSION

For the foregoing reasons, we affirm the Claims Court's dismissal for lack of subject matter jurisdiction.

## **AFFIRMED**

### COSTS

No costs.