# In the United States Court of Federal Claims

No. 24-103T
(Filed: October 22, 2024)
**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| VIVIAN HALL, *et al.*, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

Plaintiffs Vivian Hall and Prescilla Skank, proceeding *pro se*, have filed a complaint in this Court for grievances related to allegedly incorrect tax assessments, penalties, and liens, in addition to contract violations and a variety of other claims. *See* Compl. (ECF 1). The government has moved to dismiss under RCFC 12(b)(1) and in the alternative under RCFC 12(b)(6). Mot. to Dismiss (ECF 9). Plaintiffs have not responded. The motion to dismiss is **GRANTED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (explaining that

*pro se* litigants are "entitled to a liberal construction of [their] pleadings") (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). In addition, to survive a motion to dismiss for failure to state a claim, Plaintiffs must sufficiently "plead[] facts upon which a valid claim can rest." *El Bey v. United States*, 152 Fed. Cl. 777, 780 (2021) (quoting *Stroughter v. United States*, 89 Fed. Cl. 755, 760 (2009)); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

For this Court to have jurisdiction over the case (that is, the power to decide the issues it raises), Plaintiffs were required to fully pay their tax obligations and file a claim for refund or credit with the Internal Revenue Service. 26 U.S.C. § 7422(a); *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008). They were also obligated to plead compliance with those jurisdictional prerequisites by providing the information called for in RCFC 9(m), namely:

> (A) a copy of the claim for refund, and
>
> (B) a statement identifying:
>
>> (i) the tax year(s) for which a refund is sought;
>>
>> (ii) the amount, date, and place of each payment to be refunded;
>>
>> (iii) the date and place the return was filed, if any;
>>
>> (iv) the name, address, and identification number of the taxpayer(s) appearing on the return;
>>
>> (v) the date and place the claim for refund was filed; and
>>
>> (vi) the identification number of each plaintiff, if different from the identification number of the taxpayer.

RCFC 9(m)(2).[1]

Plaintiffs' complaint includes their names and address, but it lacks the other required information. They have therefore failed to plead facts sufficient to show jurisdiction for their tax refund claims, including refund-related claims about inaccurate assessments and overpayments, Compl. ¶¶ 6, 10, 16, erroneous penalties and interest, Compl. ¶ 19, and illegal exaction of taxes and penalties, Compl. ¶ 15. *See Strategic Hous. Fin. Corp. of Travis Cty. v. United States*, 608 F.3d 1317, 1324 (Fed. Cir. 2010) (holding that taxpayers must comply with the administrative refund scheme established in the Internal Revenue Code).

---

[1] RCFC 9(m)(1) also requires that complaints in tax refund cases be filed under seal, which Plaintiffs have not done.

Several of Plaintiffs' remaining claims are outside this Court's jurisdiction for other reasons. Plaintiffs' allegations of wrongful disclosure of confidential tax information, Compl. ¶ 20, can only be brought in district court. *See* 26 U.S.C. § 7431(a)(1); *Taylor v. United States*, 616 F. App'x 423, 425 (Fed. Cir. 2015) (explaining that the relevant statute grants jurisdiction to federal district courts, not the Court of Federal Claims). This Court also lacks jurisdiction over claims based on the Administrative Procedure Act, *see* Compl. ¶ 21; *Strategic Hous. Fin. Corp.*, 608 F.3d at 1332; *Wopsock v. Natchees*, 454 F.3d 1327, 1333 (Fed. Cir. 2006), due process and equal protection rights, *see* Compl. ¶ 22; *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013), and the Federal Privacy Act of 1974, *see* Compl. ¶ 12; *Parker v. United States*, 77 Fed. Cl. 279, 292 (2007), *aff'd*, 280 F. App'x 957 (2008); *Taylor*, 616 F. App'x at 425.

Some of Plaintiffs' allegations sound in tort, *e.g.*, allegations of aggressive, threatening, and coercive behavior, Compl. ¶ 9, breach of privacy under Michigan state law, Compl. ¶¶ 6, 7, and potential reputational harms, Compl. ¶ 14. But this Court has no jurisdiction over cases that sound in tort or over state law claims. 28 U.S.C. § 1491(a)(1); *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007).

To the extent that any claims might be within this Court's jurisdiction, such as Plaintiffs' takings and contract claims, they fail for lack of factual pleading. Claims for compensation under the Takings Clause of the Fifth Amendment are within this Court's subject-matter jurisdiction, but Plaintiffs' takings claims appear to be based on the government's imposition of liens and levies on their property in the course of tax collection. Compl. ¶¶ 14, 17. Those claims fail "because 'the lawful exercise of the Government's tax collection powers does not amount to a taking.'" *Gregoline v. United States*, 99 Fed. Cl. 161, 168 (2011) (quoting *Fry v. United States*, 72 Fed. Cl. 500, 509 (2006)) (citing *Skillo v. United States*, 68 Fed. Cl. 734, 743 (2005)).

For much the same reason, Plaintiffs' contract claim must also fail. If Plaintiffs mean to allege a breach of an implied-in-law contract, *see* Compl. Ex. A at 14 (electronic case filing system pagination), this Court lacks subject-matter jurisdiction. *Lumbermens Mut. Cas. Co. v. United States*, 654 F.3d 1305, 1316 (Fed. Cir. 2011). However, even assuming Plaintiffs intended to plead a breach of an implied-in-fact contract, *see* Compl. ¶¶ 14, 18, then they have failed to state a claim. Plaintiffs' allusions to implicit contracts broken by Defendant's inaccurate record keeping and unfair taxes, *see id.*, do not allege sufficient facts indicating formation of a contract. *Iqbal*, 556 U.S. at 678.

## CONCLUSION

Defendant's motion to dismiss is **GRANTED**. If Plaintiffs wish to plead additional facts in support of the legal theories within this Court's jurisdiction, they may move for leave to file an amended complaint — in a single filing that includes all necessary attachments — no later than **November 21, 2024**.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge