# In the United States Court of Federal Claims

No. 24-861C

(Filed: December 16, 2024)

**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| NICHOLAS L. FRAZIER, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

Plaintiff Nicholas L. Frazier, proceeding *pro se*, raises claims arising from a 2019 car accident. *See* Compl. (ECF 1). He has moved for leave to proceed *in forma pauperis*, *see* Application (ECF 7), which is **GRANTED**. The government has moved to dismiss under RCFC 12(b)(1). Mot. to Dismiss (ECF 8). Plaintiff has not responded. The motion to dismiss is **GRANTED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (explaining that

*pro se* litigants are "entitled to a liberal construction of [their] pleadings") (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

Plaintiff's claims appear to be directed at officers and employees of the State of Georgia, and perhaps private parties. This Court has no jurisdiction over claims against defendants other than the United States, *United States v. Sherwood*, 312 U.S. 584, 588 (1941), which means that this Court cannot hear claims against "states, state officials, and state agencies." *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015) (citing *Sherwood*, 312 U.S. at 588). Plaintiff's claims against private parties are outside this Court's jurisdiction for the same reason. *Sherwood*, 312 U.S. at 588. Plaintiff may intend to challenge the decisions of Georgia state courts, but this Court lacks jurisdiction to hear collateral attacks on, or appeals from, the decisions of other courts. *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *Robinson v. United States*, 135 Fed. Cl. 556, 558 (2017).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF 8) is **GRANTED**. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF 7) is **GRANTED**.

The Clerk is directed to enter judgment accordingly.


**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge