NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GARLAND E. WILLIAMS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-2356

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00511-PSH, Judge Philip S. Hadji.

---

**ON MOTION**

---

Before DYK, PROST, and CHEN, *Circuit Judges.*

PER CURIAM.

## O R D E R

Garland E. Williams moves for leave to proceed *in forma pauperis* on appeal from the judgment of the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction. ECF No. 6. We construe his motion and his opening brief as a challenge to the Court of Federal Claims's certification under 28 U.S.C. § 1915(a)(3) that any

such appeal would not be taken in good faith. We conclude that the appeal is frivolous and therefore dismiss. *See* 28 U.S.C. § 1915(e)(2)(B) (providing for dismissal at any time upon determination that an appeal is frivolous).

After several unsuccessful attempts to challenge state child support orders in federal district court, Mr. Williams filed suit in the Court of Federal Claims in 2021 challenging the garnishment of his federal tax refunds to pay those orders. In January 2023, this court affirmed the dismissal of that complaint for lack of jurisdiction. *See Williams v. United States*, No. 2022-1712, 2023 WL 193163 (Fed. Cir. Jan. 17, 2023). Undaunted, Mr. Williams filed this complaint in April 2024, again challenging the garnishment of years of his tax refunds and arguing that his taxpayer's return information had been improperly disclosed. The Court of Federal Claims dismissed the complaint for want of jurisdiction on July 26, 2024, and certified that an appeal by Mr. Williams would not be brought in good faith.

We dismiss the appeal as frivolous. This court previously made clear to Mr. Williams that 26 U.S.C. § 6402(g) barred the Court of Federal Claims from hearing any action to restrain or review the Department of the Treasury's offset of his tax refunds to enforce a state child support order or bring an action in that court against the state. Nonetheless, Mr. Williams again raises the issue before us, without making any cogent argument why a different outcome is warranted here. The Court of Federal Claims was also clearly correct that it lacked jurisdiction over any claim of unauthorized disclosure of taxpayer information because jurisdiction over such claims lies exclusively in federal district court under 26 U.S.C. § 7431(a). *See Taylor v. United States*, 616 F. App'x 423, 425 (Fed. Cir. 2015). Because Mr. Williams's arguments do not present a nonfrivolous issue for appeal, we deny his motion to proceed *in forma pauperis* and dismiss under § 1915(e)(2)(B).

Accordingly,

WILLIAMS v. US                                                3

IT IS ORDERED THAT:

(1)  ECF No. 6 is denied, and the appeal is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

(2)  Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

March 20, 2025
Date