# In the United States Court of Federal Claims

No. 25-1993C

(Filed: April 27, 2026)

**NOT FOR PUBLICATION**

```
*************************************
NAZIR A. SAYAR,                      *
                                     *
            Plaintiff,               *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
            Defendant.               *
                                     *
*************************************
```

## OPINION AND ORDER

Plaintiff Nazir A. Sayar, proceeding *pro se*, alleged unauthorized use or manufacture of a patented invention by the United States. *See* Am. Compl. (ECF 11); 28 U.S.C. § 1498(a). After the government moved to dismiss, *see* Mot. to Dismiss (ECF 15), Plaintiff sought leave to file a second amended complaint removing the patent claims and substituting claims for breach of contract, breach of bailment, breach of the implied duty of good faith and fair dealing, and just compensation under the Fifth Amendment. *See* Opp. & Mot. to Amend (ECF 18); Corr. 2d. Am. Compl. (ECF 24-1). The United States has opposed, arguing that the amendment would be futile. *See* Opp. to Mot. to Amend (ECF 19). Because Plaintiff wishes to withdraw his patent claims, the motion to dismiss is **GRANTED**. Because the claims in the proposed second amended complaint are untimely, the motion for leave to amend is **DENIED**. The case is **DISMISSED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). This Court lacks jurisdiction over claims outside the statute of limitations — six years, unless a statute provides otherwise. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 132 (2008); 28 U.S.C. § 2501. The burden is on Plaintiff to establish jurisdiction. *Ibrahim v. United States*, 112 Fed. Cl. 333, 336 (2013). Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3).

"In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings").

The claims in Plaintiff's proposed second amended complaint are based on the government's failure to return his property after the expiration of contracts in 2012 and 2013. *See* Corr. 2d. Am. Compl. at 2–4, 5–6. Plaintiff admits that he demanded return of the property several times in 2012 and 2013, *see id.* at 4, indicating that he was aware that the government was retaining his property and believed that he had a right to have it returned. His claims therefore accrued no later than 2013. *Patton v. United States*, 64 Fed. Cl. 768, 774 (2005) (breach of contract); *Hoffmann v. United States*, 17 F. App'x 980, 988 (Fed. Cir. 2001) (breach of bailment); *Eden Isle Marina, Inc. v. United States*, 113 Fed. Cl. 372, 488 (2013) (breach of duty of good faith and fair dealing); *Nix v. United States*, 174 Fed. Cl. 260, 266 (2024) (taking). Because he did not file his complaint until 2025 — twelve years later — his claims are untimely.

Plaintiff argues that his claims did not in fact accrue until later. Accrual of claims can be suspended when the claim is concealed by the United States or somehow "inherently unknowable." *E.g.*, *Nix*, 174 Fed. Cl. at 266 (quoting *Young v. United States*, 529 F.3d 1380, 1384 (Fed. Cir. 2008)). But Plaintiff's efforts to obtain his property after 2012 show that he was aware of his claim all along. Plaintiff's allegations in support of delayed claim accrual — *i.e.*, that the United States had sole access to the property and failed to keep its promises to return — underscore his knowledge and do not delay accrual. Corr. 2d. Am. Compl. at 4–5.

## CONCLUSION

Defendant's motion to dismiss (ECF 15) is **GRANTED**. Plaintiff's motion for leave to amend (ECF 18) is **DENIED**. The case is **DISMISSED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge