# In the United States Court of Federal Claims

No. 25-2134C

(Filed: May 13, 2026)

**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| EDWARD S. MCLARNON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

Plaintiff Edward S. McLarnon, proceeding *pro se*, raises claims arising from his federal incarceration and a previous claim in this Court. *See* Compl. (ECF 1). He has applied for leave to proceed *in forma pauperis*. *See* App. (ECF 2). The government has moved to dismiss for lack of jurisdiction and for failure to state a claim. *See* Mot. (ECF 6); RCFC 12(b)(1), (6). Plaintiff has not responded. The application for leave to proceed *in forma pauperis* is **GRANTED**. The motion to dismiss is **GRANTED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (citing *Haines v.*

*Kerner*, 404 U.S. 519, 520–21 (1972)) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings").

Plaintiff may be seeking reversal of his criminal conviction or release from federal prison. This Court may not review the decisions of other courts related to Plaintiff's criminal case. *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *see also Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts."). This Court cannot grant writs of habeas corpus. *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002); *see also Rolle v. United States*, 752 F. App'x 1005, 1006–07 (Fed. Cir. 2018). Nor does this Court otherwise have jurisdiction over criminal matters. *See Treviño v. United States*, 113 Fed. Cl. 204, 209 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014).

Plaintiff alleges breach of a federal contract. That kind of claim is at least within this Court's subject-matter jurisdiction. But Plaintiff must also satisfy the relevant pleading standard, which requires Plaintiff to "plead[] facts upon which a valid claim can rest." *El Bey v. United States*, 152 Fed. Cl. 777, 780 (2021) (quoting *Stroughter v. United States*, 89 Fed. Cl. 755, 760 (2009)); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's factual allegations do not permit a plausible inference that a contract existed, let alone to "identify the substantive provisions of the contract … on which [he] relies." *See* RCFC 9(k). He has therefore failed to plead facts sufficient to support his claim. *See* RCFC 12(b)(6).

## CONCLUSION

The application for leave to proceed *in forma pauperis* (ECF 2) and Defendant's motion to dismiss (ECF 6) are **GRANTED**. If Plaintiff wishes to plead additional facts in support of a claim for breach of contract, he may move for leave to file an amended complaint — in a single filing that includes all necessary attachments — no later than **June 12, 2026**.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge